The People of the State of New York, Plaintiff, *v.* Jesse Shanks, Defendant.

County Court, Kings County, December 4, 1951.

*Miles F. McDonald, District Attorney (James McGough of counsel), for plaintiff.*

*Leo Shapiro, Harold L. Fisher* and *John J. Minett* for defendant.

Sobel, J. The defendant moves prior to trial for the dismissal of the indictment on the Grand Jury minutes.

The defendant was indicted for murder, first degree, for a crime committed December 31, 1942.

It appears that while serving a long term at the Maryland penitentiary he wrote, early this year, to his former parole officer here in this State representing that he could furnish information concerning the death of one Calvin C. Smith. An investigation followed which resulted in this indictment.

I have examined the testimony before the Grand Jury. The parole officer testifies to a confession made to him by the defendant.

A detective testifies to a later confession made at the Maryland penitentiary. An assistant district attorney testifies to and offered in evidence a signed confession of the defendant made at the same place.

These confessions are detailed. They relate the circumstances surrounding the crime including motive and intent with which the crime was committed.

In brief, the defendant relates that the deceased and he occupied the same apartment together. On December 31, 1942, after the deceased had retired for the night, he, the defendant, turned on the gas jets and left. Some three hours later he learned from a friend, that the deceased was dead as a result of asphyxiation.

The only independent testimony offered to the Grand Jury apart from the confession is that of the medical examiner. He testifies that he performed the autopsy. He states that in his opinion deceased Smith, died of " asphyxiation from illuminating gas poisoning. "

Section 395 of the Code of Criminal Procedure provides that a confession of a defendant is insufficient to warrant his conviction, " without additional proof that the crime charged has been committed. "

Of course when the statute speaks of additional proof, it means proof apart from the confession of the defendant. Thus the only " additional proof " offered to the Grand Jury is the testimony of the medical examiner that the deceased died of asphyxiation.

I have examined the leading cases on the question of " additional proof ".

In *People* v. *Jaehne* (103 N. Y. 182, 199-200 [1886]) a case involving bribery, the court said: " But we are of the opinion that when, in addition to the confession, there is proof of circumstances which, although they may have an innocent construction, are calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key, the case cannot be taken from the jury for a non-compliance with the requirement of the statute. The words of the statute ' additional proof that the crime charged has been committed,' seem to imply that the confession is to be treated as evidence of the *corpus delicti,* that is, not only of the subjective criminal act, but also of the criminal agency of the defendant; in other words, as competent proof of the body of the crime, though insufficient without corroboration to warrant a conviction. "

In this case there was independent evidence of how the defendant, a public officer, voted before the city council on the legislation which was the subject of the bribery. The court held, in effect, that even though his vote was as consistent with innocence as guilt, it furnished the necessary corroboration.

*People* v. *Deacons* (109 N. Y. 374 [1888]) was a murder case. It was argued that the mere finding of the body was not the " additional proof that the crime charged has been committed ". The court said (pp. 377–378): " The crime charged was the murder of Mrs. Stone. That fact was conclusively proved by the finding of her dead body with the unmistakable marks of a murder committed. The meaning of the Code is that there must be some other evidence of the *corpus delicti* besides the confession, the purpose being to require some proof of the death, and the violence which caused it, outside of and beyond the mere confession of the prisoner. In a case where the body is not found, and there is no proof of violence or of death except by the confession of the accused, that confession will not suffice."

*People* v. *Brasch* (193 N. Y. 46) was decided in 1908. The defendant confessed that he had killed his wife by pushing her into a canal. There was independent proof of quarrels and a separation between the parties. Also that defendant had a paramour with whom he left town immediately after the murder. Also that he made statements to her indicating that he expected news of his wife's death. It was argued by the defendant that the dead body does not indicate violent death as distinguished from suicide or accidental drowning. The court said (pp. 60-61): " It is true that the additional evidence does not picture the defendant in the very act of pushing his wife into the water, and it does not describe any particular mark on her body decisively proving that she was pushed in rather than that she fell in. Very probably it does not so conclusively establish the crime charged that we should be willing to affirm a conviction based on it alone. But that is not the question before us. It is not necessary that it should be sufficient to convict defendant independent of the confession. The question is whether there is any evidence in addition to the confession reasonably tending to prove the crime and thus corroborate the confession. And it is impossible to answer this question in the negative when we confront the practically undisputed facts which I have already sufficiently stated. It would shock common sense to say in the light of the confession that all of these circumstances do not in any degree tend to prove a crime,

and that the requirements of the statute have not been satisfied, and that the defendant should be discharged because some other impossible evidence has not been produced. ''

*People* v. *Roach* (215 N. Y. 592 [1915]) was a murder case. In that case there was unmistakable evidence of violent death. Also there was independent proof of the defendant's fingerprints at the scene of the crime. The court held that there was sufficient additional evidence to warrant the conviction.

*People* v. *Joyce* (233 N. Y. 61 [1922]) was a felony murder case. The victim was shot to death. The defendant confessed. Apart from the confession there was no independent testimony other than the finding of the dead body with a bullet wound. The court held that this was insufficient '' additional proof that the crime charged has been committed ''. Judge CRANE said (pp. 73-74) : '' If this defendant had been tried for murder in the first degree in having killed Zittell with premeditation and intent to kill, the finding of Zittell's body with the wounds upon it would have been sufficient corroboration to comply with section 395 of the Code of Criminal Procedure. (*People* v. *Brasch,* 193 N. Y. 46; *People* v. *Roach,* 215 N. Y. 592.) Under such a charge, however, the jury could have found the defendant guilty of murder in the first degree or in the second degree or manslaughter in the first degree or second degree and the court would have been compelled to so charge them. In the case where the killing is done while in the commission of a felony there can be but one verdict if guilty, and that murder in the first degree. Premeditation and intent are no part of such a charge. It seems right and fair, therefore, that the felony committed or attempted resulting in death should first be established by evidence sufficient at law to convict of such felony. As stated, a confession alone without any corroboration as to the commission of the collateral felony is insufficient. ''

The ruling in the *Joyce* case was rejected in *People* v. *Lytton* (257 N. Y. 310 [1931]). That too was a felony murder case. The body bore fatal wounds. In addition there was independent proof from eye-witnesses that the defendant committed the murder. There was no independent proof of the commission of the underlying felony, robbery, apart from the detailed confession. The opinion of Chief Judge CARDOZO is significant only in that it gives us the underlying reason for the statute's insistence on '' additional proof ''. Judge CARDOZO said (pp. 313-314) : '' The crime charged against this defendant is homicide, and the fact that a homicide has been committed is proved,

without reference to a confession, by the testimony of eye-witnesses as well as by the discovery of the body, bearing tokens of a fatal wound (*People* v. *Deacons,* 109 N. Y. 374; *People* v. *Brasch,* 193 N. Y. 46, 58). This being done, the requirement of the Criminal Code must be held to have been satisfied. The danger that a crime may be confessed when no such crime in any degree has been committed by any one is then sufficiently averted (*People* v. *Deacons, supra*). The considerations of public policy back of this section of the Code are near akin to those back of a section of the Penal Law to the effect that 'no person can be convicted of murder or manslaughter unless the death of the person alleged to have been killed and the fact of killing by the defendant, as alleged, are each established as independent facts; the former by direct proof, and the latter beyond a reasonable doubt' (Penal Law, § 1041; *People* v. *Palmer,* 109 N. Y. 110, 114). The corroborating evidence being sufficient to confirm the confession of a homicide, the Code does not require that it shall also confirm the confession of a homicide in any particular degree.''

*People* v. *Cuozzo* (292 N. Y. 85 [1944]) was also a murder case. In that case the defendant confessed to a brutal murder some years after its commission. He related in his confession how he had placed the body of the deceased, a young girl, on the railroad tracks after he had attacked her. There was independent testimony of the finding of her badly mangled body. There was independent testimony of the clothes she wore and of her personal possessions at the time of death none of which the defendant could have learned from reading the newspapers and yet which he particularized in his confession. There was even independent testimony of a meeting between the defendant and deceased near the scene of the crime a few hours before her death. By a divided court but in an exhaustive opinion reviewing all of the cases in this State, the court held that the independent testimony was insufficient. The court stated:

At page 92: '' In nearly all the murder cases where the courts have found in the record sufficient outside evidence of the homicide, there has been convincing proof, *dehors* the confession, of wounds not only fatal but homicidally inflicted * * *. In others, such as *People* v. *Brasch* (193 N. Y. 46) the wounds or cause of death * * * might or might not have been of human causation but there was, in addition, compelling proof of motive, presence at the scene, guilty appearances afterward, et cetera.''

At page 93: '' In the present case, as we shall show in the next paragraph, there was not additional proof of the ' criminal

fact ' but only a naked confession supplemented by a showing by outside proof that some of the statements in the confessions were true. Such a corroboration of the partial truthfulness of the confessions might have its place in weighing the whole evidence to see if it made out a case beyond a reasonable doubt. But it does not satisfy the statutory command of section 395. In the *Deacons* case, where mention is made (at p. 382) of the separate proof showing the accuracy of the descriptions in the confessions of the interior of a certain house, that separate proof is *not* treated as additional proof of the *corpus delicti;* the additional and entirely different proof of the *corpus delicti* is described and passed upon elsewhere in the *Deacons* opinion (p. 378).''

These are all the leading decisions interpreting the demand of section 395 of the Code of Criminal Procedure that there be '' additional proof that the crime charged has been committed.''

In the case before me, I find no such '' additional proof ''. True we have a dead body but the body itself shows no evidences of violence or of wounds homicidally inflicted. Nor is there apart from the confession, any independent proof of motive, presence at the scene, or acts or statements done or made in consciousness of guilt. There is such evidence *in* the confession but none *outside* of the confession.

I must conclude on the present state of the Grand Jury record, that '' the danger that a crime may be confessed when no such crime in any degree has been committed by any one '' has not been sufficiently averted.

The motion to dismiss the indictment is granted with leave to the District Attorney to resubmit this case to the December or January Grand Jury. The defendant is being held for return to the Maryland authorities. The District Attorney may make provision in his order for his return at this time or for his detention pending resubmission of the case.