■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GLENN A. EATON, Appellant.— *Per Curiam.* Appeal from a judgment of the County Court of Tompkins County convicting defendant of manslaughter in the second degree, causing the death of his five-month-old daughter; the indictment charging manslaughter in the first degree in that defendant "without a design to effect death, in the heat of passion, struck Terry Ann Eaton, his daughter, by means of a dangerous weapon, to wit, his hand, and struck her head against a water faucet", causing her death eight days later. We need not, in view of the reversal hereinafter directed on other grounds, determine whether objections to the indictment were timely and properly made or whether they were waived; but we note that the human hand is not a "dangerous weapon" within the meaning of the statute (*People* v. *Vollmer,* 299 N. Y. 347, 350; *People* v. *Oddy,* 16 A D 2d 585, 589) and that the charge in the indictment that a blow caused the baby's head to strike the faucet (the reasonable interpretation of the indictment and that which the District Attorney in opening to the jury enunciated and subsequently disavowed) was not established and that even now the prosecution's claim in that respect, as set forth in its brief, seems to be confined to the terse and equivocal statement that "the defendant-appellant struck the child, gave her a bath in the sink located in the

kitchen of the apartment, and the child suffered injury to its head ". Turning to the evidence, it is questionable whether there was sufficient proof that defendant acted " In the heat of passion ". (Penal Law, §§ 1050, 1052; *People* v. *Peetz,* 7 N Y 2d 147.) More important, the record presents insufficient evidence of the corpus delicti, to the extent that the proven death was not shown to have been produced through criminal agency, by evidence independent of such inferences as might be drawn from defendant's oral and written statements to the police and to others; these confessions, if the statements be considered such, being " not sufficient to warrant his conviction, without additional proof that the crime charged has been committed." (Code Crim. Pro., § 395; *People* v. *Cuozzo,* 292 N. Y. 85, 91–95; *People* v. *Shanks,* 201 Misc. 511, affd. 279 App. Div. 1082; *People* v. *Rooks,* 40 Misc 2d 359.) The only medical expert to testify as to the cause of death was asked by the District Attorney whether the skull fracture causing death was " compatible * * * with a blow into the spigot of a faucet" and replied, " I can't answer that question honestly", and on cross-examination by defendant's attorney answered in the affirmative the question whether " this fractured skull [could] have been caused by a fall or other accident". The return of a verdict of guilty, despite these fatal deficiencies of proof and, additionally, the People's failure to prove the act of striking, in the manner charged in the indictment, can perhaps be accounted for by such serious and prejudicial errors as the failure to charge, even in the absence of a request (Code Crim. Pro., § 527), the necessity of proving, dehors the confession, that death was caused by criminal act; in the failure to accede to the request to charge excusable homicide (Penal Law, § 1054; *People* v. *Butts,* 14 A D 2d 486) ; and the failure, after referring to culpable negligence (Penal Law, § 1052, subd. 3), to charge the legal meaning of that term. Upon consideration of all the circumstances, we direct a new trial rather than a dismissal of the indictment. (See *People* v. *Lee,* 308 N. Y. 302, 305.) Judgment reversed, on the law and the facts, and a new trial ordered. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.