OPINION OF THE COURT
Nat H. Hentel, J.
When is a finger a finger, or can it be a foreign object?
Via an omnibus motion, defense counsel seeks an inspection of the Grand Jury minutes which resulted in the indictment of defendant for rape in the first degree (Penal Law, § 130.35), sodomy in the first degree (Penal Law, § 130.50), aggravated sexual abuse (Penal Law, § 130.70), burglary in the first degree (Penal Law, § 140.30), attempted burglary in the second degree (Penal Law, §§ 110, 140.25), criminal mischief in the fourth degree (Penal Law, § 145.00), and resisting arrest. Further, defendant *734 seeks dismissal of the various counts of the indictment “on the grounds that the said indictment is not founded on sufficient legal and competent evidence *** [and because] the Grand Jury did not receive proper instructions on the law.”
After granting a review of the Grand Jury minutes in camera, the court finds no evidence therein of any alleged act of sodomy in the first degree. Female complainant testified concerning the alleged rape (Count One). The court finds sufficient facts to warrant the indictment for rape or any of its lesser included offenses (CPL 210.20, subd 1, par [b]; 210.30, subd 1; People v Leichtweis, 59 AD2d 383), and, if those facts were not otherwise controverted at trial, that there would be sufficient evidence to warrant a conviction for rape in the first degree or any lesser included offense. (See Mildwoff v Cunningham, 432 F Supp 814.) However, the only testimony by complainant in support of the alleged act of sodomy (Count Two) was “he raped me *** he placed his penis in my vagina *** and he also put his finger in my anus.”
Section 130.50 of the Penal Law defines sodomy in the first degree as occurring when “[a] person *** engages in deviate sexual intercourse with another person * * * [b]y forcible compulsion”. (Penal Law, § 130.50, subd 1.) Section 130.00 of the Penal Law defines “deviate sexual intercourse” as “sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and penis, or the mouth and the vulva.”
Inasmuch as the court has found no facts in the Grand Jury minutes with respect to any of such acts of “deviate sexual intercourse”, the second count of the indictment for sodomy in the first degree ordinarily would be dismissed, but it is not being dismissed because of the possibility of the commission of a lesser included offense such as sexual abuse in the first degree (Penal Law, § 130.65; People v Kalicki, 49 AD2d 1032; CPL 210.20, subd 1, par [b]; 210.30, subd 1).
With respect to the third count, aggravated sexual abuse, defendant is accused of having “inserted a foreign *735 object in the vagina or rectum [of the complainant] by forcible compulsion causing physical injury to [complainant].” Section 130.70 of the Penal Law defines the commission of aggravated sexual abuse as occurring when “[a] person *** inserts a foreign object in the vagina or rectum of another person causing physical injury to such person: (a) by forcible compulsion”.
From the testimony, the Grand Jury was informed that defendant inserted a finger in complainant’s rectal orifice by forcible compulsion. The question raised by the pleadings is whether such act of insertion is the type or use of a “foreign object” proscribed by this statute.
The court has reviewed the Practice Commentaries concerning the aggravated sexual abuse statute (Hechtman, 1978 Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 130.70, p 249, 1980-1981 Pocket Part), in which it is stated: “ ‘ It is not uncommon for sex crime defendants to force foreign objects into the vaginal or anal cavities of their victims. Objects such as broom handles, gun barrels, night sticks, closet poles, and hangers have been used.’ *** [A]bsent this section [Penal Law, § 130.70], the only applicable crime is Sexual Abuse in the First Degree, which ‘is only a D felony.’ Thus, the class B felony penalty assigned to this crime brings it up to the level of first degree rape and sodomy, with which, the sponsors believe, it should be equated * * * [S]ome aspects of his [sic] section and of the accessory provision defining ‘foreign object,’ are troublesome. Section 130.00(9), which defines ‘foreign object,’ is not particularly helpful since its scope is so broad as to exclude practically nothing. The ostensibly qualifying phrase, ‘which ... is capable of causing physical injury,’ is not really limiting since, depending on how it is employed, any object can cause injury — particularly in such vulnerable areas as the vagina and rectum.” (Emphasis supplied.)
Subdivision 9 of section 130.00 of the Penal Law defines foreign object as “any instrument or article which, when inserted in the vagina or rectum, is capable of causing physical injury.” (Emphasis supplied.)
*736 According to Webster’s Unabridged New 20th-Century Dictionary (2d ed, 1961) the “foreign” is defined as “coming from or having to do with another person or thing, not belonging, not characteristic, nor organically connected, not naturally related.” Further, the word “object” is defined as anything “visible or tangible, a material product or substance.”
Thus, an object apparently means an inanimate “instrument or article”, detached and separate from any other structure. According to the ordinary usage of words, this court finds that the Legislature did not contemplate a finger as a foreign object but sought to equate the use of such instruments or articles as broom handles, gun barrels, etc., as the type of foreign object which could cause physical injury to the vagina or rectum and thus such physical objects become the target of this statute.
The court further finds that a finger is part of the whole human organism, and not separate and detached therefrom and falls within the purview of section 130.65 of the Penal Law, sexual abuse in the first degree, which proscribes a person from subjecting another person to sexual contact by forcible compulsion. Subdivision 3 of section 130.00 of the Penal Law defines sexual contact as “any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party.” (Emphasis supplied.) The very word “touching” implies the usage of fingers or any other portions of the human body which perform sensory functions upon another person’s body.
The act complained of here where defendant’s finger was allegedly inserted in the complainant’s anus is clearly not the kind of mental trauma, physical injury or manipulation of the female genitalia for which section 130.70 of the Penal Law was enacted to provide redress as a B felony in order to punish the type of savage abuse which could only be inflicted by an inanimate object. This court believes that a finger does not qualify for redress under this particular statute although it can cause injury. It is adequately covered under section 130.65 of the Penal Law, sexual abuse in the first degree.
*737 It should be noted parenthetically and with special interest that section 130.70 of the Penal Law, aggravated sexual abuse, provides under its subdivision 2 that “Mon-duct performed for a valid medical purpose” is exempted from the thrust of this statute. Thus, valid vaginal or rectal examinations as conducted by physicians which also contemplate the usage of insertable instruments or the physician’s fingers do not violate this statute. It is apparent that had the Legislature contemplated that fingers would possibly be included in the category of insertable foreign objects that such diagnostic conduct would have been specifically exempted. The omission of “fingers” from the statute while exempting “medical purposeM” corroborates, this court’s conclusion that it was not the Legislature’s intent even to include fingers of a person bent on sexual abuse of another person for sexual gratification. The Practice Commentaries (Hechtman, 1978 Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 130.70, p 249, 1980-1981 Pocket Part) take on significance in this light when it stated therein “[i]n theory *** a medical practitioner who performs a proctoscopy or vaginal examination may be exposed to the possibility of criminal prosecution [but hopefully not in practice].”
In any event, there was no proof before the Grand Jury of any physical injury sustained by complainant. She merely testified that she went to her gynecologist the day after the alleged rape and the physician “gave her penicillin shots and tests against diseases.” It must be noted that “physical injury” as contemplated by the statute in question is defined as “any impairment of physical condition or substantial pain.” There was no testimony or proof of such impairment or pain in the Grand Jury minutes.
Accordingly, the third count of aggravated sexual abuse is dismissed with prejudice not only because there is no evidence in law or in fact to sustain this count, but also because the Practice Commentaries (Hechtman, 1978 Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 130.70, p 249, 1980-1981 Pocket Part) in support of section 130.70 of the Penal Law indicates that any degree of sexual abuse is not contemplated *738 as being a lesser included offense. (CPL 210.20, subd 1, par [b]; 210.30, subd 1.) “As defined in § 130.70, commission of the crime appears not to require a culpable mental state or purpose — merely the physical act of inserting a foreign object. This factor differentiates this section from the other three degrees of Sexual Abuse, each of which, by its reference to ‘sexual conduct’, incorporates the element that the conduct is ‘for the purpose of gratifying sexual desire of either party’ ”. (Hechtman, 1978 Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 130.70, p 249, 1980-1981 Pocket Part.)
Moving on to the fourth count of the indictment, burglary in the first degree (Penal Law, § 140.30, subd 2), it is alleged that on September 10, 1980, defendant “entered and remained unlawfully in [complainant’s] dwelling at night with the intent to commit a crime, and in effecting entry and while in the dwelling *** [that he] caused physical injury to [complainant].” As stated heretofore, the Grand Jury minutes are bereft of any showing that complainant sustained any physical injury as a result of any activity of the alleged perpetrator. Thus, the court finds insufficient evidence before the Grand Jury to sustain the charge of burglary in the first degree, but there is sufficient evidence to sustain a charge of burglary in the third degree (Penal Law, § 140.20), a lesser included offense, and thus the motion to dismiss this count is denied. (CPL 210.20, subd 1, par [b]; 210.30, subd 1.)
Anent the fifth count of the indictment, attempted burglary in the second degree (Penal Law, §§ 110, 140.25), defendant is charged with attempting to enter complainant’s dwelling at night on October 24, 1980 “with the intent to commit a crime therein.” The Grand Jury testimony of complainant merely shows that on the latter occasion charged, “I heard the bell ring * * * and when it rang two or three times, I looked out the window. And I saw him. It was him again. * * * In the meantime he had grown a beard and mustache. And he yelled up to the window and told me that he was a friend of my brother “ and that he had to talk to me about my brother. *** and he asked me to open the door and of course I ran to the phone and I called the police and I told them that the one who raped me was trying to get in again.”
*739 There is no testimony by complainant that she had recognized her assailant on or immediately after September 10, 1980, when the alleged rape occurred. She apparently has now recognized him despite the hirsute facial adornment some seven weeks later when she saw the defendant ringing her doorbell on October 24, 1980. Further, there is no proof that defendant was seeking to force the door or otherwise make an entry into the dwelling by violent means. Complainant only testified that he was ringing her doorbell. Also, complainant did not notice any property damage to her dwelling until the next day after this bell-ringing incident when she noticed a window screen cut when she went outside her dwelling.
These circumstances do not spell out an attempt to unlawfully enter complainant’s premises with intent to commit any crime on October 24, 1980. Certainly, the District Attorney made no charge to the Grand Jury concerning proof of facts by circumstantial evidence which certainly would have been appropriate and applicable to these circumstances. For these reasons, the fifth count is dismissed. The Grand Jury was not charged with respect to circumstantial evidence. Thus, even the lesser included offense of attempted burglary in the third degree would not lie for failure to prove any intent on the part of defendant to commit a crime in complainant’s dwelling on October 24, 1980 by either direct, circumstantial, or a mixture of such evidence. (See CPL 210.20, subd 1, par [b]; 210.30, subd 1.)
The sixth count, criminal mischief in the fourth degree (Penal Law, § 145.00), is also dismissed for the same reasons set forth in support of the dismissal of the fifth count. There was no direct or circumstantial proof that defendant was probably the person who damaged complainant’s window screen. Certainly, she had not seen him do this or attempt to do such damage. (CPL 210.20, subd 1, par [b]; 210.30, subd 1.)
The court finds that there is sufficient evidence before the Grand Jury to sustain the seventh count of resisting arrest on October 24, 1980.
Accordingly, defendant’s motion to dismiss the first (rape), second (sodomy), fourth (burglary in the first de *740 grec), and the seventh (resisting arrest) counts is denied for the reasons stated. However, with respect to the third (aggravated sexual abuse), fifth (attempted burglary in the second degree) and sixth (criminal mischief in the fourth degree) counts, the motion to dismiss is granted.