■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY LEE DAVIS, Appellant. — Appeal from a judgment of the Supreme Court at Trial Term (Kuhnen, J.), rendered August 25, 1981 in Broome County, upon a verdict convicting defendant of the crime of assault in the second degree. Defendant was indicted and convicted of assault in the second degree by intentionally causing serious physical injury to another person by means of a dangerous instrument, to wit, the plaster cast on his right arm. The victim, Donna Walsh, testified at the trial that on February 18, 1981 she came to visit at defendant's apartment, where she had cohabited with defendant up to a few weeks before that date. She, defendant and a James Howard spent a number of hours drinking together until she passed out on defendant's bed. Her next conscious recollection was being pulled out of the bed by defendant and struck by him

repeatedly about her head, face and body. Specifically, she said that defendant hit her with his right arm which was covered by a hardened plaster cast and that defendant used the cast to hit her head and to fracture her forearm. Binghamton Police Officer Mooney testified that while standing immediately outside defendant's apartment investigating a criminal mischief complaint, he heard sounds of the beating inside the apartment, a woman moaning and a male voice accusing the woman of infidelity. He knocked on the door insistently until it was opened by defendant, entered the apartment and observed the Walsh woman. Her head and body were covered with blood, and her face was bloodied and distorted, apparently from broken facial bones. Walsh was immediately taken to a hospital for treatment and remained hospitalized for the next seven days. Her treating physician testified that as a result of the beating she suffered a broken nose, right forearm and rib, and a laceration behind the ear requiring 10 stitches. He further testified that these injuries could not have been caused by a fist alone. Contrary to defendant's contentions, the foregoing evidence was amply sufficient to support the jury's finding, implicit on its verdict, that defendant struck Walsh with the cast and that the cast itself was a dangerous instrument. The arguably inconsistent testimony on cross-examination of Walsh and of her physician as to whether her injuries were or may have been caused instead by blows from defendant's fists, together with defendant's denial of using the cast, served only to present an issue as to the credibility of these witnesses which was within the jury's sole province to resolve. Whether the hardened plaster cast on defendant's arm was a "dangerous instrument" (Penal Law, § 10.00, subd 13) is determinable by the manner in which that article was used (*People v Carter,* 53 NY2d 113, 116). The testimony concerning the brutal manner of its use here and the evidence of Walsh's bone fractures and laceration and resulting hospitalization clearly support the inference that the cast was readily capable of causing "serious physical injury" (Penal Law, § 10.00, subd 10). Certainly, the cast on defendant's arm as he used it was at least as dangerous an instrument as the rubber boots encasing the defendant's feet used to kick the victim in *People v Carter* (*supra*). Defendant next argues that reversal is required because various errors of commission and omission by his attorney during the trial cumulatively demonstrated that he was denied effective assistance of counsel. Counsel's conduct of the defense must be judged on the basis of the trial strategies available to him under the facts of the case, whether he elected to pursue a plausible strategy under the circumstances and, if so, whether his conduct was consistent with that strategy (*People v Dietz,* 79 AD2d 476). Officer Mooney's observations outside and inside defendant's apartment effectively precluded any tactic based upon an outright denial of any responsibility on the part of defendant for at least some of the victim's injuries. In view of the brutal nature of the beating which the victim claimed involved defendant's use of his cast, it was reasonable for counsel not to have sharply contested whether the cast was readily capable of inflicting serious physical injury and thereby to invite further evidence at the trial on the serious and protracted nature of the victim's injuries. Counsel thus reasonably elected to pursue a strategy based on the theory that any injuries defendant inflicted were caused by the use of his bare fists and not the cast, which would have avoided defendant's being convicted of a felony. Indeed, under the circumstances, and even in hindsight, this may well have been defendant's most plausible strategy, since at a preliminary examination both the victim and Officer Mooney gave testimony tending to put in doubt defendant's use of the cast during the altercation. Counsel vigorously pursued this strategy during the trial. Contrary to defendant's assertion on appeal, his trial attorney, during cross-examination of the victim and Officer Mooney, did make effective use of their prior testimony at

the preliminary hearing. Given the validity of the trial strategy that had been adopted, the major asserted trial errors of counsel lose their significance, since his conduct was not inconsistent with the basic factual theory of the defense and had no effect on the defense's efforts to persuade the jury to accept that theory. Other claimed omissions by counsel were nothing more than tactical decisions which do not negate the clear impression from the record that defendant received meaningful representation (*People v Baldi*, 54 NY2d 137, 147). On the basis of the foregoing, it also follows that the trial court's failure to instruct the jury on the Penal Law definition of "serious physical injury", not preserved for review by an appropriate objection or request to charge, was not so egregious an error as to require us to reverse in the interests of justice (CPL 470.15, subd 6, par [a]). Accordingly, defendant's conviction should in all respects be affirmed. Judgment affirmed. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.