(April 26, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES S. PEET, Appellant. — Appeal from a judgment of the County Court of Chemung County (Kepner, Jr., J.), rendered July 8, 1982, upon a verdict convicting defendant of the crimes of aggravated sexual abuse and sexual abuse in the first degree. ¶ On January 26, 1982, defendant was charged in a two-count indictment with aggravated sexual abuse and sexual abuse in the first degree. The charges stem from an incident on January 7, 1982 during which defendant allegedly inserted his finger into the vagina of a 29-month-old child, causing her serious injury. After a trial jury, defendant was convicted as charged. He was ultimately sentenced to concurrent terms of 6⅔ to 20 years' imprisonment on the aggravated sexual abuse count, and 2 to 6 years' imprisonment on the remaining count. ¶ The principal issue on appeal is whether a finger constitutes a "foreign object" within the context of section 130.70 (subd 1, par [c]) and subdivision 9 of section 130.00 of the Penal Law. Section 130.70 (subd 1, par [c]) defines the commission of aggravated sexual abuse as occurring when "[a] person * * * inserts a *foreign object* in the vagina, urethra, penis or rectum of another person causing physical injury to such person * * * [w]hen the other person is less than eleven years old" (emphasis added). A "[f]oreign object" is defined as "any *instrument* or *article* which, when inserted in the vagina * * * is capable of causing physical injury" (Penal Law, § 130.00, subd 9; emphasis added). Whether a finger qualifies as a "foreign object" presents a novel appellate question in this State. The People argue that the controlling factor should be whether a particular object is capable of causing physical injury, without distinction as to its inanimate or animate nature. The terminology utilized, however ("foreign", "object", "instrument" and "article"), connotes something inanimate, detached and separate from any other structure (Webster's Third New International Dictionary Unabridged, pp 123, 889, 1172, 1555; see *People v Cicciari,* 107 Misc 2d 733, 736). This construction is supported by the legislative purpose in enacting the statute. The sponsor's supporting memorandum states: "It is not uncommon for sex crimes defendants to force foreign objects into the vaginal or anal cavities of their victims. Objects such as *broom handles, gun barrels, night sticks, closet poles,* and *hangers* have been used" (Sponsor's Memorandum, NY Legis Ann, 1978, p 399; emphasis added). (See Hechtman, 1978 Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law, § 130.70 [1983-1984 supp], pp 360-361.) ¶ This list of foreign objects, while noninclusive, indicates that only detached, inanimate objects are contemplated. Essentially, section 130.70 was enacted to fill a void in the Penal Law to provide redress against the type of trauma and abuse occasioned by the use of inanimate objects. Absent this provision, the only applicable crime would be sexual abuse in the first degree, a class D felony, which involves the *touching* of sexual parts (Penal Law, § 130.00, subd 3; § 130.65). This latter provision contemplates the use of one's finger or other part of the human body capable of performing a sensory function. The Legislature had concluded that the use of some inanimate object, as opposed to a mere touching, is at least as devastating as a traditional rape or sodomy and warrants a comparable penalty. Since the use of one's finger has already been sufficiently proscribed by section 130.65 of the Penal Law, we cannot agree that such conduct falls within the scope of aggravated sexual abuse, i.e., it is not a "foreign object". ¶ An analogy may be drawn to the area of assault, where the use of a "dangerous instrument" serves as an aggravating factor of culpability (see Penal Law, § 120.05, subds 2, 4; § 120.10, subd 1). The term "[d]angerous instrument" is defined as "any instrument, article or substance

* * * which, under the circumstances in which it is used * * * is readily capable of causing death or other serious physical injury" (Penal Law, § 10, subd 13; see *People v Carter,* 53 NY2d 113). That the use of a fist is not contemplated within the scope of a "dangerous instrument" is readily illustrated in our recent decision in *People v Davis* (96 AD2d 680). In *Davis,* the defendant was convicted of assault in the second degree after having struck the victim with a hardened plaster cast on his arm. In determining that the cast constituted a "dangerous instrument", the direct inference is that had defendant merely used his arm, the statutory criteria for assault in the second degree would not have been satisfied. So it is here that the use of some detached, inanimate object, as opposed to one's finger, heightens the seriousness of the offense and, absent the use of such an instrument, the harsher provisions of aggravated sexual abuse are not activated. ¶ Having so concluded, defendant's conviction on the first count of the indictment must be reversed and that count dismissed. His remaining argument that the conviction for sexual abuse in the first degree should be vacated as an inclusory concurrent count of aggravated sexual abuse (CPL 300.40, subd 3) has become moot. Finally, in view of the particularly sordid nature of defendant's conduct, his sentence on the surviving conviction of sexual abuse in the first degree cannot be seriously characterized as harsh and excessive (Penal Law, § 70.00, subd 2, par [d]). ¶ Judgment modified, on the law, by reversing the conviction for aggravated sexual abuse and dismissing the first count of the indictment, and, as so modified, affirmed. Kane, J. P., Weiss, Yesawich, Jr., and Harvey, JJ., concur.

Main, J. dissents and votes to affirm in the following memorandum. Main, J. (dissenting). I am unable to subscribe to the narrow construction which the majority applies to the provisions of section 130.70 (subd 1, par [c]) and subdivision 9 of section 130.00 of the Penal Law. To the contrary, I indorse the view that the scope of the term foreign object "is so broad as to exclude practically nothing" (Hechtman, 1978 Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law, § 130.70 [1983-1984 supp], p 360). From this record, I must conclude that defendant's conduct falls squarely within section 130.70 of the Penal Law and I would affirm his conviction of the crime of aggravated sexual abuse.