■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAZEL E. MARSHALL, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered September 8, 1983, convicting her of assault in the second degree and reckless endangerment in the second degree (five counts), after a nonjury trial, and imposing sentence.

Judgment affirmed, and matter remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5).

On this appeal, defendant contends that there is no evidence to support her conviction of assault in the second degree, pursuant to subdivision 4 of section 120.05 of the Penal Law, which requires (all other elements of the assault being satisfied) the use of a deadly weapon or dangerous instrument. She asserts that a mere cloth ankle or wrist restraint cannot be construed as a "dangerous instrument".

We conclude, however, that such restraints may be considered dangerous instruments. Subdivision 13 of section 10.00 of the Penal Law defines a "[d]angerous instrument" as "any instrument, article or substance * * * which, under the circumstances in which it is used * * * is readily capable of causing death or other serious physical injury". As the Court of Appeals has explained, "[t]he object itself need not be inherently dangerous. It is the temporary use rather than the inherent vice of the object which brings it within the purview of the statute" (*People v Carter*, 53 NY2d 113, 116; see, also, *People v Brown*, 100 AD2d 879).

Applying this "use-oriented approach" (*People v Carter, supra,* p 116), the Appellate Division, First Department, held in *People v Cwikla* (60 AD2d 40, revd on other grounds 46 NY2d 434), that a handkerchief used to gag a 74-year-old man who was bound around his wrists and feet was a "dangerous instrument" within the meaning of the Penal Law. The First Department rejected the defendant's contention that a handkerchief was not a "dangerous instrument" because it was not readily capable of causing harm, since the victim had to first be otherwise restrained in order for the handkerchief to inflict death or other serious injury. The court stated that under the circumstances of the case, the jury could find that the handkerchief could cause death or other serious injury.

Similarly, at bar, the Trial Judge was warranted in finding that the wrist and ankle restraints were dangerous instruments. Indeed, defendant concedes in her brief on appeal that the permanent contracture of the joints caused by the use of the restraints upon Kenneth Tooker constitutes a "serious physical injury" within the meaning of the Penal Law, but contends that since the restraint would have to be utilized for four or more hours in a row for a period of six weeks in order to cause contractures, the restraints were not readily capable of causing serious injury or death. However, evidence was adduced at bar that the wrist restraints were, in fact, so used.

We have considered defendant's other contentions and find them to be without merit. Weinstein, J. P., Brown, Rubin and Eiber, JJ., concur.