■ The People of the State of New York, Respondent, v Derrick Johnson, Appellant.—Per Curiam. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 5, 1983, upon a verdict convicting defendant of the crime of assault in the second degree.

On February 15, 1982, defendant allegedly wrapped his hands around the chest of Brandon Gallon, a nine-month-old infant, and pushed down on his chest with his hands and thumbs, fracturing the child's ribs. Defendant was indicted on two counts of assault in the second degree in connection with this incident. At trial, a key issue was whether defendant intended to inflict the injuries. The infant's mother, Angela Gallon, testified that defendant was living with her in February 1982 and that she had witnessed defendant inflict the injuries upon the infant. As part of its case-in-chief, the prosecution also called upon Gallon to testify, over defense counsel's objection, about a prior incident in which defendant allegedly caused physical harm to the child.

At the close of the case, the trial court instructed the jury as to the elements of the crime. As to the second count of assault in the second degree (Penal Law § 120.05 [4]), the court charged the jury, over objection, that it could find that the hands, thumbs and body of defendant could constitute a dangerous instrument under the circumstances in which they were used. The jury found defendant not guilty of the first count of assault in the second degree charged in the indict-

ment (Penal Law § 120.05 [1]) and the lesser included offense charged under that count (Penal Law § 120.00 [1]), but convicted him of assault in the second degree under the second count of the indictment (Penal Law § 120.05 [4]). Defendant was sentenced to an indeterminate prison term of 2⅓ to 7 years. This appeal by defendant ensued.

Defendant contends that the admission into evidence of testimony concerning his injuring the child on a previous occasion constituted reversible error. We agree. In order to be admissible, evidence of uncharged crimes must be probative of a material aspect of the crime charged and its probative value must outweigh its potential for prejudice (People v Ventimiglia, 52 NY2d 350; see, People v Crandall, 67 NY2d 111). Evidence of uncharged crimes is generally not admissible because it is feared that the jury may convict defendant by determining a predisposition to criminal conduct (People v Beam, 57 NY2d 241, 250).

Gallon was allowed to testify about an incident which occurred while she was staying with defendant at his mother's apartment. She testified that defendant was playing with the child in the other room. She stated that he then ran out of the room and told her that he heard something snap while he was playing with the baby and twisting his feet. Gallon observed that the baby had a swollen foot and would not put weight on it for a few days thereafter. X rays taken in March 1982 showed that the baby's tibia had in fact been fractured at some undetermined time. The trial court allowed the evidence to establish lack of accident and mistake in the commission of the charged crime and to show defendant's intent to commit it.

Initially, we note that the act did not necessarily constitute an immoral act or uncharged crime (see, People v Santarelli, 49 NY2d 241, 248). More importantly, nothing in the testimony of Gallon indicated that defendant intended to hurt the child when he allegedly twisted his leg. The act underlying the purported uncharged crime was equivocal, having little if any real bearing on the issue of intent or absence of mistake and accident. Hence, the probative value of the evidence in proving intent was, at best, marginal. On the other hand, there was a high potential for prejudice. The jury could infer a propensity on defendant's part to intentionally injure the child. We conclude that the probative value of the purported incident was outweighed by its potential for prejudice and, accordingly, admission of the evidence constituted reversible error.

Defendant further contends that it was error to allow the jury to decide whether his hands constituted a "dangerous instrument". We agree. The term "dangerous instrument" is statutorily defined as "any instrument, article or substance * * * which, under the circumstances in which it is used * * * is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). Under the "use-oriented" approach, the object itself does not have to be inherently dangerous (People v Carter, 53 NY2d 113, 116; People v Marshall, 105 AD2d 849). However, this court has held that parts of the human body cannot be dangerous instruments unless at least covered with apparel or objects which aggravate their use (see, People v Peet, 101 AD2d 656, affd 64 NY2d 914; People v Davis, 96 AD2d 680). In this case, it is uncontested that defendant used only his hands to inflict the alleged injuries. Hence, if defendant is retried, he cannot be charged with assault in the second degree. The original indictment must be dismissed with leave to the People to present any lesser included offenses of the second count to another Grand Jury (see, People v Fudger, 73 AD2d 1020, 1021; cf. People v Mayo, 48 NY2d 245).

Judgment reversed, on the law, and indictment dismissed with leave to the People to re-present any appropriate charges to another Grand Jury. Main, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.