■ In the Matter of JAMES H., a Person Alleged to be a Juvenile Delinquent, Appellant.—Final order of disposition, Family Court, New York County (Mortimer Getzels, J., at fact-finding hearing; Bruce M. Kaplan, J., at disposition), entered, after a nonjury trial, on or about April 21, 1986, adjudging respondent to be a juvenile delinquent and placing him on probation for two years for an act which, if committed by an adult, would constitute assault in the second degree, modified, on the law and the facts, to adjudge respondent a juvenile delinquent for an act which, if committed by an adult, would constitute assault in the third degree (Penal Law § 120.00 [1]), and the matter remanded for a revised disposition consistent with the foregoing, without costs.

The theory of this prosecution was that respondent committed an assault upon complainant by kicking him in the head while he was prostrate on the sidewalk, and thus respondent's alleged criminal act constituted a second degree assault (Penal Law § 120.05 [2]) in that he caused complainant physical injury by use of a dangerous instrument, namely, his booted foot.

The only evidence offered by the prosecuting agency was complainant's testimony that respondent, who appeared to be part of a group of young persons surrounding complainant and his companion, spun complainant around and struck him in the face with his fist. Complainant never stated that respondent kicked him, and respondent's testimony that he was wearing sneakers on the day of the indictment stands uncontradicted. Since there is no support in the record for the Family Court's felony finding, we accordingly reduce the finding to the lesser included misdemeanor offense of third degree assault, a result which was foreshadowed in the prosecutor's opening statement.

Contrary to the dissent, we cannot find that the hearing court abused its discretion to preclude the efforts of respondent's counsel to cross-examine complainant upon the pretrial identification procedures in which the complainant participated. Respondent's right to a *Wade* hearing had been waived by the failure of his counsel to move for this relief for a period of 2½ months, and the court properly held that the issue was foreclosed by the time of trial. And, while it was error for the hearing court to receive complainant's testimony as to his

selection of respondent's photograph from an array, the error must be viewed as harmless since an experienced Trial Judge, and not a jury, constituted the tribunal. With respect to the main line of defense asserted by respondent, namely, misidentification of respondent by complainant, we note that complainant's in-court identification was unequivocal, and we must defer to the conclusion reached by the trier of fact who saw and heard the two conflicting witnesses on this aspect of the case. Concur—Kupferman, J. P., Sullivan, Asch and Wallach, JJ.

Smith, J., dissents in a memorandum as follows: I would reverse this case and remand for either a fact-finding hearing or, in view of respondent's age, a dismissal of the petition because of prejudicial errors committed with respect to the identification of the respondent.

The complainant was severely injured, particularly with respect to his eye and face, when a group of teen-agers beat him as he was walking east on 50th Street from 9th Avenue towards 8th Avenue on January 17, 1985 at about 11:45 A.M. The petition, dated August 14, 1985, alleged that respondent was a juvenile delinquent in that on or about January 17, 1985, he committed acts which, if committed by an adult, would constitute assault in the second degree and attempted assault in the second degree. The first count of the petition alleged that respondent violated Penal Law § 120.05 (2) in that he, "with intent to cause physical injury to [the complainant] caused physical injury to [the complainant] by means of a dangerous instrument, to wit Boot." The second count of the petition alleged a violation of Penal Law §§ 110.00, 120.05 (1) in that respondent "with intent to cause serious physical injury to [the complainant] attempted to cause such injury to [the complainant]."

First, the allegations of the petition were not proved beyond a reasonable doubt. Respondent was not charged with acting in concert with others. The complainant testified that the only action which he saw respondent take against him was a blow to his face with the respondent's fist. Subsequently, the complainant was beaten and kicked by members of the group. There was no evidence that respondent used a boot.

Second, at the fact-finding hearing, not only was photographic evidence improperly admitted (see, People v Griffin, 29 NY2d 91 [1971]; People v Black, 117 AD2d 512 [1986]), but also respondent was precluded from questioning the complaining witness about the photographic and lineup identification. (See,

*People v Ruffino,* 110 AD2d 198 [1985].) Identification was the major issue at the fact-finding hearing. Cross-examination was particularly important since the court had refused to grant a pretrial identification hearing. Respondent does not now press his claim for an identification hearing, seeking rather a new trial because he was unable to question the complainant on the lineup identification. Even though the case was tried before a Judge rather than a jury, respondent should have been allowed to cross-examine the complainant on his lineup identification of the respondent.