■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS NELSON, Appellant. [627 NYS2d 412] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered May 13, 1992, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 27, 1990, the defendant entered a restaurant in Rego Park and threatened the employees with a hypodermic needle, claiming that the needle contained the AIDS virus. The defendant held the complaining witness by the right elbow and, touching the hypodermic needle to her arm, threatened to jab her with it if she did not open the register.

The defendant then took cash out of the register and ran out of the store. The hypodermic needle was not recovered.

The defendant contends there was insufficient evidence to convict him of either criminal possession of a weapon in the fourth degree or robbery in the first degree because a hypodermic needle is not a "dangerous instrument" within the meaning of the Penal Law. We disagree. Pursuant to the Penal Law, a dangerous instrument is "any instrument, article or substance, * * * which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). The object need not be inherently dangerous to fit within the statute. Rather, it is the use to which the instrument is put that brings it within the purview of the statute (see, People v Carter, 53 NY2d 113).

In the instant case, the defendant produced a hypodermic needle, claimed it contained the AIDS virus, and pressed it against the complaining witness' arm. We note that the prosecution was not required to prove the existence of the AIDS virus since the indictment charged only that the defendant possessed a dangerous weapon, i.e., a hypodermic needle and the Trial Judge so charged. Therefore, we find that the evidence in the case was sufficient to support the jury's conclusion that the hypodermic needle, in the manner the defendant threatened to use it, was readily capable of causing serious physical injury (see, People v Cwikla, 46 NY2d 434; Matter of Jason J., 187 AD2d 652).

We find the defendant's remaining contention to be without merit (see, People v Bryant, 178 AD2d 420). Balletta, J. P., O'Brien, Altman and Krausman, JJ., concur.