OPINION OF THE COURT
John M. Leventhal, J.
The defendant, Maxwell Owusu, is charged in a 13-count indictment with, inter alia, several counts of burglary in the first and second degrees and three counts of assault, one count each in the first, second, and third degrees. Defendant moves this court to inspect the Grand Jury minutes and to dismiss *358 the indictment. The court has read the minutes of the Grand Jury and the People’s charge on the law.
The only issue that merits discussion is the question whether a person’s natural teeth constitute a dangerous instrument. Four counts of this indictment — namely, one count of burglary in the first degree, one count of burglary in the second degree, one count of assault in the first degree and one count of assault in the second degree — all contain the aggravating factor that the defendant used or threatened to use a dangerous instrument.* The factual allegation common to these four counts are that the dangerous instrument was the defendant’s teeth.
The term "dangerous instrument” is defined as "any instrument, article or substance * * * which, under the circumstances in which it is used * * * is readily capable of causing death or other serious physical injury”. (Penal Law § 10.00 [13].) It is well settled that any instrument when used or is threatened to be used for the improper purpose of causing physical or serious physical injury becomes a dangerous instrument under the law. (See, People v Carter, 53 NY2d 113 [rubber boots]; People v Cwikla, 46 NY2d 434 [handkerchief]; People v Marshall, 105 AD2d 849 [cloth ankle or wrist restraint]; People v Lappard, 215 AD2d 245 [sneakers].) "Under the 'use-oriented’ approach, the object itself does not have to be inherently dangerous.” (People v Johnson, 122 AD2d 341, 343, citing People v Carter, 53 NY2d 113, 116; People v Marshall, 105 AD2d 849.)
The courts of this State have consistently held that parts of the human body cannot be dangerous instruments unless at least covered with apparel or objects which aggravated their use. (People v Austin, 131 AD2d 490 [hand is not dangerous instrument when delivering blow to head]; accord, People v Johnson, 122 AD2d 341, 343, supra; People v Davis, 96 AD2d 680 [fist is not dangerous instrument, but hardened plaster cast on arm is dangerous instrument]; see also, People v Richardson, 166 AD2d 158, lv denied 76 NY2d 1024; People v Peet, 101 AD2d 656, affd 64 NY2d 914; but see, contra, Federal case law definition of dangerous weapon; United States v Sturgis, 48 F3d 784 [4th Cir] [use of teeth to bite amounted to use of dangerous weapon]; United States v Moore, 846 F2d 1163 [8th Cir] [mouth and teeth were used as dangerous weapon]; United States v Parman, 461 F2d 1203, 1204, n 1 [DC Cir] [biting with teeth charged as assault with a deadly weapon]; see also, State *359 v Born, 280 Minn 306, 159 NW2d 283 [fists or feet may be dangerous weapons when used to strike or stomp].)
As there are no allegations that the defendant’s teeth were sharpened or altered to aggravate their use, the counts of burglary and assault containing the degree-enhancing element of involving the use or threatened use of a dangerous instrument must be dismissed or reduced. Accordingly, the first count of the indictment, burglary in the first degree (Penal Law § 140.30 [3]), is dismissed; the fourth count, burglary in the second degree (Penal Law § 140.25 [1]), is reduced to burglary in the third degree (Penal Law § 140.20); the sixth and eighth counts, assault in the first degree (Penal Law § 120.10 [1]) and assault in the second degree (Penal Law § 120.05 [2]), are both dismissed.
The defendant’s motion to dismiss all other counts of the indictment are denied as the evidence adduced before the Grand Jury as to those counts was legally sufficient to establish the finding of each and every count of the indictment. The Assistant District Attorney correctly charged the Grand Jury with the applicable law.

 Penal Law § 140.30 (3); § 140.25 (1) (c); § 120.10 (1); § 120.05 (2). The assault counts contain the element that (serious) physical injury was caused by means of a dangerous instrument.