■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MAXWELL OWUSU, Respondent. [669 NYS2d 366] —Appeal by the People from so much of an order of the Supreme Court, Kings County (Leventhal, J.), dated May 2, 1997, as granted the defendant's motion to dismiss the indictment on the ground that the evidence before the Grand Jury was not legally sufficient to the extent of dismissing the first count charging burglary in the first degree, the sixth count charging assault in

the first degree, and the eighth count charging assault in the second degree, and reducing the fourth count charging burglary in the second degree to burglary in the third degree.

Ordered that the order is reversed insofar as appealed from, on the law, the defendant's motion to dismiss the indictment is denied in its entirety, the first, fourth, sixth, and eighth counts of the indictment are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The evidence presented to the Grand Jury indicated that the defendant bit the victim's finger to the bone. As a result of the nerve damage caused by the bite, the victim has limited movement and sensitivity in his finger. The defendant was indicted for, *inter alia*, two burglary and two assault charges which contain as an element the use or threatened use of a dangerous instrument. Concluding that the defendant's teeth could not be considered a dangerous instrument, the Supreme Court dismissed or reduced those four counts of the indictment. We disagree.

A dangerous instrument is defined as "any instrument, article or substance * * * which, under the circumstances in which it is used * * * is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). It is the manner in which an item is used, not its inherent nature, which brings it within the purview of the statute (*see, People v Carter,* 53 NY2d 113, 116; *People v Nelson,* 215 AD2d 782, 783). Based on this "use-oriented approach" (*People v Carter, supra,* at 116), we conclude that the defendant's teeth, as used by him in this case, could be considered a dangerous instrument. Consequently, the evidence before the Grand Jury was legally sufficient to establish the "dangerous instrument" element of the four offenses at issue, and thus met the standard for Grand Jury indictment (*see, People v Swamp,* 84 NY2d 725, 730). Rosenblatt, J. P., Ritter and Goldstein, JJ., concur.

O'Brien, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: The Supreme Court properly concluded that the defendant's teeth cannot be considered a dangerous instrument within the meaning of Penal Law § 10.00 (13) (*see, People v Carter,* 53 NY2d 113; *People v Austin,* 131 AD2d 490; *People v Johnson,* 122 AD2d 341).