OPINION OF THE COURT
Robert S. Kreindler, J.
Defendant moves to set aside the verdict of guilty on the count charging defendant with robbery in the first degree, a forcible taking by using or threatening to use a dangerous instrument. (Penal Law § 160.15 [3].) In determining this motion the court has considered events at the trial, the moving papers, and the People’s memorandum.
On May 22, 1995 at approximately 12:50 p.m., the victim was attacked inside an elevator in a building located at 240 East 18th Street, Brooklyn, New York. The perpetrator placed a *428 hard object in the victim’s back and, with the perpetrator’s free arm, choked the victim. As a result of the choking, the victim fainted. During this incident property was taken from the victim.
On February 28, 1996, defendant was indicted for various theft-related crimes. The Grand Jury was instructed that it could find legally sufficient evidence if it found that defendant used a “dangerous instrument”. In the Grand Jury instructions, the “dangerous instrument” was described as an “unknown hard object.” Together with other crimes, the Grand Jury voted to indict defendant for robbery in the first degree committed with a “dangerous instrument”.
On March 8, 1996, defendant was arraigned. At that time, a copy of the indictment was given to defendant. The count of the indictment charging defendant with use or threatened use of a “dangerous instrument” did not specify what was alleged to be the “dangerous instrument”. At no point in the criminal action did defendant request that the People specifically describe the “dangerous instrument”.
Defendant was tried for the theft-related crimes. At the conclusion of the trial, the People stated that they were not relying upon the unknown hard object as the “dangerous instrument”, but requested that the court charge that the defendant’s use of his arm to choke the victim was the “dangerous instrument”. Defendant objected on two grounds. First, defendant claimed that so charging would change the theory of the Grand Jury. Second, it was argued that an arm cannot be a “dangerous instrument”. The court agreed to charge the petit jury that the People allege that the arm used to choke the victim was the “dangerous instrument” used or threatened to be used. The court reserved decision on .the issue of whether an arm can be a “dangerous instrument”.
The jury convicted defendant of robbery in the first degree, the count alleging the use or threatened use of a “dangerous instrument”, and robbery in the second degree causing physical injury.
The court must now determine if choking a victim with an arm constitutes the use or threatened use of a “dangerous instrument”.
Penal Law § 10.00 (13) defines “dangerous instrument” as “any instrument, article or substance * * * which, under the circumstances in which it is used * * * is readily capable of causing * * * serious physical injury.”
*429 New York has adopted a “use-oriented” definition of “dangerous instrument” (People v Carter, 53 NY2d 113). Under this approach, the manner in which an “instrument” is used, rather than its nature, determines its dangerousness.
Various authors in New York[1] have stated that uncovered parts of the human body are, as a matter of law, not “dangerous instruments” (35B NY Jur 2d, Criminal Law, § 4992, at 572; 8 Zett, New York Criminal Practice § 68.1 [4], at 68-54).
The Appellate Division, First Department, has ruled that fists, even when used in a dangerous manner, are not “dangerous instruments” (People v McBride, 203 AD2d 85, 86; Matter of James H., 164 AD2d 765). The Appellate Division, Second Department, has ruled that hands are not “dangerous instruments”, even when used in a dangerous manner (People v Gachelin, 237 AD2d 300, 301-302; People v Austin, 131 AD2d 490), but that teeth, when used in a dangerous manner, are “dangerous instruments” (People v Owusu, 248 AD2d 491, 492). The Appellate Division, Third Department, has ruled that hands and fingers are not “dangerous instruments” even when used in a dangerous manner (People v Wilson, 240 AD2d 774, 775; People v Johnson, 122 AD2d 341, 343; People v Peet, 101 AD2d 656, affd on opn below 64 NY2d 914; see also, People v Eaton, 25 AD2d 692; cf., People v Davis, 96 AD2d 680). The Appellate Division, Fourth Department, has ruled a hand is not a “dangerous instrument”, even when used in a dangerous manner (People v Davis, 118 AD2d 206, 210-211).
Under the former Penal Law the Court of Appeals ruled that hands are not “dangerous weapons” (People v Lee, 300 NY 422, 424; People v Vollmer, 299 NY 347, 350). Under the current Penal Law, the Court of Appeals has ruled that a finger is not a “foreign object” for sex crimes (People v Peet, 64 NY2d 914, supra).
The reason why hands, fingers, or fists are not “dangerous instruments”, but teeth are has not been fully explained. The definition of “instrument, article or substance” has not been explored by the appellate courts.[2]
In People v Peet (101 AD2d 656, supra), the Appellate Division, Third Department, held that a finger was not a foreign *430 object for purposes of sex crimes. The Penal Law definition of foreign object included any instrument. The Appellate Division said (at 656): “The terminology utilized, however (‘foreign’, ‘object’, ‘instrument’ and ‘article’), connotes something inanimate, detached and separate from any other structure (Webster’s Third New International Dictionary Unabridged, pp 123, 889, 1172, 1555; see, People v Cicciari, 107 Misc 2d 733, 736).” In its decision, the Appellate Division seems to have emphasized the fact that a finger is not an “inanimate” object or instrument. The Court of Appeals affirmed the decision based upon the Appellate Division reasoning (64 NY2d 914, supra).
The distinction between animate and inanimate items is troubling. It has been held that vicious animals are “dangerous instruments” under the Penal Law even though they are animate objects (People v Garraway, 187 AD2d 761, 761-762; see, People v Thompson, 161 AD2d 236, 237-238).[3]
The court finds that the arm in this case closely resembles the hand, fist or finger which have been ruled not to be “dangerous instruments”. Teeth, which have been found to be “dangerous instruments”, are internal body parts and are covered by layers of skin. Arms are not internal body parts.
The motion to set aside the guilty verdict as to the count alleging robbery in the first degree, alleging use or threatened use of a “dangerous instrument”, is granted. Ordinarily, the court would reduce the conviction to robbery in the third degree. However, since defendant has also been convicted of robbery in the second degree, and robbery in the third degree is a lesser included offense of that crime, the court dismisses the robbery in the first degree count.
The count charging robbery in the first degree is dismissed. The court will sentence defendant on the robbery in the second degree conviction only.

. For the rule outside New York, see Annotation, Parts of Human Body as Dangerous Weapons, 8 ALR 4th 1268 and 79 Am Jur 2d, Weapons and Firearms, § 2, 1998 Cum Supp, at 5-11.

. To the victim there is no real difference between being choked with a defendant’s hand and being choked with a handkerchief. Why the handkerchief is a dangerous instrument and the hand is not, has never been explained by the courts.

. If one human being directs another to cause an injury, is the use of the other person the use of a “dangerous instrument”, assuming the second person uses only body parts to cause the injury?