■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVIN BEST, Appellant. [742 NYS2d 852] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 9, 2000, convicting him of aggravated sexual abuse in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that a rubber glove does not constitute a "foreign object" within the meaning of Penal Law § 130.66 (1) (a) is unpreserved for appellate review (*see People v Finger,* 95 NY2d 894, 895; *People v Okehoffurum,* 201 AD2d 508, 509). In any event, the large, dirty, rubber glove used in this case can rationally be considered a "foreign object" within the meaning of Penal Law § 130.66 (1) (a) because it is an inanimate object that is capable of causing physical injury (*see* Penal Law § 130.00 [9]; *cf. People v Peet,* 101 AD2d 656, 657, *affd* 64 NY2d 914). Therefore, the evidence was legally sufficient to support the defendant's conviction of aggravated sexual abuse in the third degree. O'Brien, J.P., Friedmann, H. Miller and Crane, JJ., concur.