OPINION OF THE COURT
Jasen, J.
The issue on this appeal is whether a rubber boot used to stomp upon the head of a helpless victim is a dangerous instrument within the meaning of the Penal Law.
On the afternoon of February 26, 1978, defendant was driving through the City of Albany with his girlfriend, Frances Coleman, when the two began to quarrel. Defendant pulled his car to the curb in the vicinity of 10 Lark Drive. Coleman exited the car and began to walk away. As she was leaving, defendant viciously assaulted her. He began by striking her several times with his fists. She fell to the ground. While she lay helpless on the pavement, defendant kicked and “stomped” her several times in the head and face. Coleman lapsed into a coma. At the time of trial several months later, the victim remained in a comatose state and the People’s medical expert testified that in his opinion her condition would never improve.
Defendant was charged in a two-count indictment with attempted murder and assault in the first degree. The assault charge was predicated upon subdivision 1 of section 120.10 of the Penal Law, which defines assault in the first degree as intentional causation of serious physical injury “by means of a deadly weapon or a dangerous instrument.” *116 After a jury trial, defendant was acquitted on the attempted murder charge and convicted of first degree assault.
On appeal, defendant contended, inter alia, that the pair of rubber boots which he was wearing at the time of the assault could not be considered a “dangerous instrument” within the meaning of the Penal Law. The Appellate Division unanimously rejected this argument and affirmed defendant’s conviction. There should be an affirmance.
The term “dangerous instrument” is defined in subdivision 13 of section 10 of the Penal Law as “any instrument, article or substance * * * which, under the circumstances in which it is used * * * * is readily capable of causing death or other serious physical injury.” The statute makes no attempt to give an absolute definition of the term or to provide a list of items which can be considered dangerous instruments. Instead the statute states plainly that any “instrument, article or substance”, no matter how innocuous it may appear to be when used for its legitimate purpose, becomes a dangerous instrument when it is used in a manner which renders it readily capable of causing serious physical injury. (See Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 10.00, p 21.) The object itself need not be inherently dangerous. It is the temporary use rather than the inherent vice of the object which brings it within the purview of the statute.
The courts of this State have consistently adopted this use-oriented approach. In People v Cwikla (60 AD2d 40, revd on other grounds 46 NY2d 434), for example, we noted our agreement with the Appellate Division that a common handkerchief with which a victim was gagged and which led to his asphyxiation was a “dangerous instrument” within the meaning of the Penal Law. In a like manner, leather boots used to kick a victim in the face (People v Rumaner, 45 AD2d 290) and a spatula used to inflict a cut (People v Bouldin, 40 AD2d 1045) have been found to satisfy the statutory standard.* Thus, although the rubber boots in *117 issue are not inherently dangerous, we must determine whether the evidence in this case is sufficient to support the jury’s conclusion that they were readily capable of causing serious physical injury in the way in which they were used.
Here, there is evidence that the defendant used the rubber boots to stomp upon the head and face of his victim, causing her head to contact the pavement below with tremendous force. The jury apparently concluded that the pair of boots, when used in this fashion, was readily capable of causing serious physical injury and, thus, was a “dangerous instrument” within the meaning of subdivision 13 of section 10 of the Penal Law. On this record, we cannot say that such a conclusion was erroneous as a matter of law.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Gabrielli, Jones, Watchler, Fuchsberg and Meyer concur.
Order affirmed.

 Many other jurisdictions have also taken the view that the status of an object as a dangerous instrument is to be determined by its use. (See, e.g., State v Bradley, 254 Iowa 211, app dsmd and cert den 374 US 490 [shoe as *117 “dangerous weapon”] ; People v Buford, 69 Mich App 27 [boot as “dangerous weapon”]; Orrill v State, 509 P2d 930, 932 [Okla] [boot as “dangerous weapon”] ; Medlin v United States, 207 F2d 33 [shoe as “dangerous weapon”] ; see, also, Commonwealth v Appleby, — Mass —, —, 402 NE2d 1051, 1057 [riding crop as “dangerous weapon”]; State v Mercier, — RI —, —, 415 A2d 465, 467 [car as “dangerous weapon”]; People v Goolsby, 284 Mich 375, 378 [car as “dangerous weapon”]; see, generally, Kicking As Aggravated Assault or Assault with Dangerous or Deadly Weapon, Ann., 333 ALR3d 922.)