OPINION OF THE COURT
Brenda Soloff, J.
Defendant’s motion to dismiss these indictments as a matter of law is denied. After examination of the Grand Jury minutes, I conclude that the People are entitled to try to prove at trial the elements of robbery and of attempted robbery in the first degree in that legally sufficient evidence was presented to the Grand Jury in support of those charges creating reasonable cause to believe that defendant committed those crimes. (GPL 190.65, subd 1.)
Indictment No. 335/81 charges the defendant with two counts of attempted robbery in the first degree in that, on January 20, 1981 he allegedly attempted to snatch bags from two women standing on a subway platform while he was between the cars of a moving train. According to the evidence before the Grand Jury, one of the women was wearing her pocketbook on her left shoulder when defendant grabbed for it and missed and the second woman was wearing a white shopping bag on her left shoulder when defendant grabbed for it and missed.
*1076 Indictment No. 780/81 charges the defendant with one count of robbery in the first degree and one count of attempted robbery in the first degree. In both incidents the defendant allegedly worked from a moving subway train. In the completed taking, the victim felt the tug on her fingers as her bag left her hand. In the attempted taking, the victim was carrying her bag on her right side and the right side of her coat was ripped.
In each incident there is sufficient evidence to indicate that force was used or attempted to be used since, in each case, the bag was either in the hand or on the arm or shoulder of the victim and the taking or attempted taking was done in a way likely to prevent or overcome resistance. (Penal Law, § 160.00, subd 1.) Accordingly, in each incident there was sufficient evidence to return an indictment for robbery and attempted robbery at least in the third degree. The evidence was sufficient for the Grand Jury to reasonably find that each incident clearly crossed the line between larceny and robbery. (And see People v Santiago, 62 AD2d 572, affd 48 NY2d 1023.)
The question then becomes whether it was proper to charge robbery and attempted robbery in the first degree rather than in the third degree. The theory of robbery in the first degree as opposed to robbery in the third degree is that the defendant charged with first degree robbery “[u]se[d] or threaten[ed] the immediate use of a dangerous instrument” (Penal Law, § 160.15, subd 3). In moving to dismiss these indictments, defendant contends that the statutory definition of dangerous instrument does not include a subway train.
A dangerous instrument is defined by subdivision 13 of section 10.00 of the Penal Law to include: “any instrument, article or substance, including a ‘vehicle’ as that term is defined in this section, which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury.”
A vehicle is “[e]very device in, upon, or by which any person * * * is or may be transported or drawn upon a highway, except devices moved by human power or used *1077 exclusively upon stationary rails or tracks.” (Vehicle and Traffic Law, § 159.) A subway train, used exclusively on stationary tracks does not fall within that definition. However, that does not mean that a subway train could not otherwise be a dangerous instrument. It would be absurd, for example, to argue that an assault in the first degree could not be committed by the driver of a subway train against someone on the tracks.
A subway train, then, can be a dangerous instrument in some cases. The next concern is whether it can be a dangerous instrument in the context of these cases. The People rely exclusively on People v Santiago (supra). But Santiago does not construe robbery in the first degree. Rather, it holds that a jury could find the use of the force of a moving subway train to enable the defendant to take a pocketbook was sufficient to make the crime a robbery rather than a larceny and could therefore serve as a predicate for felony murder.
Since Santiago (supra) did not deal with degrees of robbery, it is necessary to consider the specific statute and cases which construe it and the general policy behind the degrees of robbery.
First, it is well established that whether or not an instrument is dangerous is evaluated by the temporary use to which it is put. (See, e.g., People v Carter, 53 NY2d 113 [boots]; People v Cwikla, 46 NY2d 434 [handkerchief].) Although this will generally mean that harm, in fact, must be inflicted, it. need not always be so. It may not be possible to say that a handkerchief, for example, is a dangerous instrument unless it does harm as it did in People v Cwikla (supra). But where, as here, danger is reasonably foreseeable given the specific use of the train, it is not necessary that the harm be done before being able to find that the instrument is dangerous. The existence of robbery as a form of aggravated larceny as well as the aggravated degrees of robbery is protection “against injuries which may result from peculiarly dangerous means devised for accomplishing misappropriation” (Note, A Rationale of the Law of Aggravated Theft, 54 Col L Rev 84).
A more serious question is whether defendant can be said to have been using the train at all since it was not under *1078 his control. In People v Santiago (supra, p 1024), the court described what defendant did as “the use of the force of the movement of the train”. In the context of the statute being construed, it would make no sense to distinguish between use of the force and use of the train. The People are entitled to present to a petit jury the contention that the defendant significantly and deliberately added to the force available to him as an individual the force of a moving train, a dangerous instrument, simply by timing his own movements to coincide with the train’s. Certainly a person who deliberately adds the train’s strength to his own, at obvious risk of serious injury to his victims, does no less than one who uses boots to stomp (People v Carter, supra) or a handkerchief to gag (People v Cwikla, supra).
In short, the rationale of robbery as against larceny, is the additional element of force in robbery. The rationale of the degrees of robbery in this State is the presence of aggravating factors. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 160.00, p 194; §160.10, p 202; §160.15, p 205.) Mere force without injury, accomplice, weapon or dangerous instrument is robbery in the third degree. But once a robber does harm or increases the risk of harm with accomplices or with dangerous instruments or weapons, the crime is aggravated. (See, generally, Model Penal Code [1980], art 222, Comment, p 96.) A purse snatch by a robber on foot, using his hands, is not the same as a purse snatch from a victim, near the edge of a train platform, adding the strength of the train to the hand of the thief. Those situations are different in common sense and, if all the elements can be proved, they are different in law.
The motion to dismiss is denied.