OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, defendant’s conviction of assault in the first degree reinstated, the case remitted to the Appellate Division for consideration of the facts and other issues, if any, not previously passed upon, and, as so modified, the order in all other respects affirmed.
As correctly noted by Justice Casey in his dissenting opinion below, there is no reasonable view of the evidence other than that the victim’s injuries resulted from the pounding of his head against the pavement, and the possibility that the injuries were received in a mere scuffle or from an accidental fall is sheer speculation. The only witness to have a clear view of the altercation testified unambiguously that defendant was atop the victim, holding the latter’s head with both hands and striking it against the sidewalk. This testimony was not contradicted by any of the other witnesses, whether called by the People or defendant. Rather, their testimony was simply less complete as a result of their inability from their vantage point to observe all that was happening. There was no disagreement with the witness who saw everything. Moreover, while that witness’s testimony comports with the severity of the victim’s injuries — i.e., subdural hemorrhage necessitating a craniotomy — the other explanations offered by the majority below are clearly inconsistent therewith. Accordingly, the evidence demonstrating that *763 the sidewalk was used as a dangerous instrument (see, Penal Law § 10.00 [13]; People v Carter, 53 NY2d 113), it was not error for the trial court to refuse to charge assault in the third degree.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
Order modified and case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.