■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO BATISTA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered December 11, 1985, convicting him of robbery in the first degree (two counts) and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that a padlock held in the palm of an accomplice's hand, with the shackle encircling the fingers

like a brass knuckle, was not a dangerous instrument as a matter of law since it was never actually used to injure a victim, that the issue of whether or not it was a dangerous instrument should not have been submitted to the jury as a question of fact, and that the analogy to "brass knuckles" was prejudicial, since "brass knuckles" are defined as a "deadly weapon" in Penal Law § 10.00 (12). The defendant's argument in this regard is without merit.

By their plain language, Penal Law § 160.15 (3) and § 10.00 (13) require only that a potentially "dangerous instrument" "readily capable of causing death or other serious physical injury" be "threatened to be used"—as the large metal padlock was in the instant case. A heavy padlock, brandished like a brass knuckle, is, on its face, distinguishable from items like a handkerchief used to choke a victim, in that the former's potential for injury is immediately apparent, whereas the latter's potential is only disclosed upon use. The padlock here was *threatened to be used* "in a manner which render[ed] it readily *capable* of causing serious physical injury" *(People v Carter,* 53 NY2d 113, 116 [emphasis supplied]). Since there was no objection to the use throughout the trial by the complainants, the prosecutor and the court of the analogy to brass knuckles, and no exception was taken to the court's submission of the issue of whether the padlock was a "dangerous instrument" to the jury, these matters have not been preserved for appellate review (CPL 470.05 [2]; *People v Medina,* 53 NY2d 951). In any event, the jury was never instructed that metal knuckles are defined by Penal Law § 10.00 (12) as a "deadly weapon", nor can it be assumed that the jury was independently aware of this statutory definition. The court quite properly submitted the issue of "dangerous instrument" to the jury as one of the questions of fact on which the People had the burden of proof.

The defendant next argues that since the two complainants were robbed in the course of a single criminal transaction, there was only one robbery, so that the second robbery count should be dismissed. This contention likewise lacks merit. Property was forcibly removed from two separate individuals, so that there were two distinct acts of robbery, regardless of their occurrence in the course of a single, or consolidated, criminal transaction *(People v Brathwaite,* 63 NY2d 839).

Finally, the sentence imposed was not unduly harsh *(People v Suitte,* 90 AD2d 80). Brown, J. P., Rubin, Eiber and Sullivan, JJ., concur.