104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Anthony M. GARRAWAY, Petitioner-Appellant,
v.
NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES,
COMMISSIONER, Defendant-Appellee.
 No. 96-2010.
 United States Court of Appeals, Second Circuit.
 Nov. 19, 1996.
 
 APPEARING FOR APPELLANT:On Submission.
 APPEARING FOR APPELLEE:On Submission.
 N.D.N.Y.
 AFFIRMED.
 Before LUMBARD, OAKES and PARKER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Northern District of New York and was on submission by the appellant and appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Anthony Garraway appeals from an order denying and dismissing his application for a writ of habeas corpus. Garraway argues that he is being held in violation of his constitutional right to due process because the evidence in his state criminal trial was insufficient to support the jury's finding that his pit bull dog was a "dangerous instrument" within the meaning of New York State Penal Law § 265.02(1), under which he was convicted. The statute makes it a crime for anyone previously convicted of an offense to possess any "dangerous or deadly instrument or weapon with intent to use the same unlawfully against another." Id. A "dangerous instrument" includes any instrument "which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury." Id. § 10.00(13). Garraway was sentenced to serve an indeterminate term of 1-5 years incarceration.
 
 
 4
 The evidence at trial, credited by the jury, included the testimony of two police officers who responded to a call about a loud party at Garraway's house. When they asked him to turn the music down, he became belligerent and shouted into the house "Get King." He led a large pit bull dog out of his apartment on a chain, turned the dog toward the officers, and began yelling at the dog and slapping it on its back side. The dog began barking and snapping at the officers, with its front feet off the ground as it lunged against a chain leash held by Garraway. Garraway led the dog back into the house only after one of the officers drew his gun. The evidence also included the testimony of a veterinarian about the dangerous and aggressive nature of pit bulls.
 
 
 5
 The New York Appellate Division affirmed the conviction. The Court of Appeals denied Garraway's application for leave to appeal. In the proceedings below, the district court adopted the recommendation of a magistrate rejecting Garraway's request for habeas corpus relief.
 
 
 6
 The district court properly dismissed Garraway's petition. A due process habeas corpus action based on alleged insufficiency of the evidence will only succeed "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). The record must be "so totally devoid of evidentiary support that a due process issue is raised." Bosset v. Walker, 41 F.3d 825, 830 (2d Cir.1994) (internal quotations omitted), cert. denied, 115 S.Ct. 1436 (1995).
 
 
 7
 The evidence at trial clearly supported the conviction. The veterinarian testified that pit bulls can be extremely dangerous and the officers testified that Garraway made his pit bull lunge and snap at them. New York law is clear that such things as dogs can be dangerous instruments, if they are used in a way that makes them dangerous. See People v. Carter, 423 N.E.2d 30, 31-32 (N.Y.1981) (holding that rubber boots used to stomp upon a victim were "dangerous instrument[s]"; any instrument, "no matter how innocuous it may appear to be when used for its legitimate purpose, becomes a dangerous instrument when it is used in a manner which renders it readily capable of causing serious physical injury"); People v. Torrez, 382 N.Y.S.2d 233, 234-35 (N.Y.Sup.Ct.1976) (large and potentially ferocious dog can be a dangerous instrument).
 
 
 8
 We affirm the judgment of the district court.