■ In the Matter of BRANDON S., a Person Alleged to be a Juvenile Delinquent, Appellant. [777 NYS2d 638]—

Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about April 24, 2003, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of attempted assault in the second degree, criminal possession of a weapon in the fourth degree and criminal mischief in the fourth degree, and placed him with the Office of Children and Family Services for a period

of 18 months, unanimously modified, on the law, to the extent of vacating the finding as to criminal mischief and dismissing that count of the petition, and otherwise affirmed, without costs.

The court's findings regarding the attempted assault and weapon possession counts were supported by legally sufficient evidence and were not against the weight of the evidence. The evidence warranted the conclusions that when appellant threw a small, but heavy, metal peg at the victim, he did so with the intent at least to cause physical injury (*see People v Bracey*, 41 NY2d 296 [1977]), and that the peg qualified as a dangerous instrument (Penal Law § 10.00 [13]) because it was readily capable of causing serious physical injury under the circumstances of its use (*see People v Carter*, 53 NY2d 113 [1981]; *Matter of Nehial W.*, 227 AD2d 101 [1996]).

With respect to the criminal mischief count, however, it is impossible to infer the requisite intent to damage the door from the evidence presented (*see* Penal Law § 145.00).

We see no need for a remand for a new dispositional determination since it is clear that the 18-month placement would have been imposed even without the finding on criminal mischief. After the fact-finding determination, appellant was originally granted a six-month adjournment in contemplation of dismissal, which Family Court vacated after appellant's subsequent arrest for robbery in the second degree. Thus, Family Court's well-considered dispositional determination would be unaffected by the dismissal of the criminal mischief count. Concur—Tom, J.P., Andrias, Saxe, Sullivan and Marlow, JJ.