■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAETAN REMY, Appellant. [798 NYS2d 478]—Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Katz, J.), rendered September 8, 2003, convicting him of assault in the first degree (two counts), aggravated assault on a peace officer, assault in the second degree (three counts), criminal contempt in the second degree (two counts), resisting arrest, and obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence and (2), by permission, from an order of the same court dated August 26, 2004, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to support his convictions of assault in the first degree (Penal Law § 120.10 [1]), and aggravated assault upon a peace officer (Penal Law § 120.11; *see People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence presented by the prosecution was sufficient to establish that the defendant used a dangerous instrument (*see* Penal Law § 10.00 [13]; *People v Carter,* 53 NY2d 113 [1981]) to intentionally cause serious physical injury (*see People v Goode,* 216 AD2d 579 [1995]; *People v Cole,* 188 AD2d 482 [1992]).

The Supreme Court properly denied the defendant's motion to vacate the judgment of conviction on the ground of ineffective assistance of counsel. The defendant failed to establish that there were no strategic or other legitimate explanations for counsel's decision not to pursue a diminished capacity defense (*see People v Benevento,* 91 NY2d 708, 712 [1998]), or that he was deprived of meaningful representation (*see People v Baldi,* 54 NY2d 137 [1981]). Thus, the Supreme Court properly denied the defendant's motion pursuant to CPL 440.10 without a hearing (*see People v Satterfield,* 66 NY2d 796 [1985]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Adams, J.P., Krausman, Rivera and Skelos, JJ., concur.