**UNITED STATES of America,
Appellee,**

v.

**Rasheen T. ALSTON, Defendant–
Appellant.**

**No. 08–1217–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 10, 2008.

Jay S. Ovsiovitch, (Marianne Mariano, Federal Public Defender, on the brief), Federal Public Defender's Office for the Western District of New York, Rochester, NY, for Defendant–Appellant.

Joseph J. Karaszewski, Assistant United States Attorney (Terrence P. Flynn, United States Attorney, on the brief), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Rasheen Alston appeals from a judgment entered by the District Court on December 13, 2007, sentencing him to an eighteen-month term of imprisonment for violating the terms of his supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Alston challenges the District Court's findings that he violated the terms of his supervised released by (1) committing three state crimes—namely, assault with intent to cause serious physical injury in violation of N.Y. Penal Law § 120.05(1); assault with intent to cause physical injury by means of a deadly weapon or dangerous instrument in violation of N.Y. Penal Law § 120.05(2); and criminal possession of a weapon in the fourth degree in violation of N.Y. Penal Law § 265.01(2)—and (2) possessing a dangerous weapon. The District Court's findings were made pursuant to a preponderance of the evidence standard. *See* 18 U.S.C. § 3583(e)(3) ("The court may ... revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release ... if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release."); *see also United States v. Meeks,* 25 F.3d 1117, 1123 (2d Cir.1994) ("[T]he government need prove the alleged supervised-release violation only by a preponderance of the evidence, not beyond a reasonable doubt."). On appeal, "we review a district court's finding of a violation of supervised release only for an abuse of discretion and its factual findings for clear

error." *United States v. Carlton,* 442 F.3d 802, 810 (2d Cir.2006).

■ We see no error—much less abuse of discretion—in the District Court's determination that Alston violated the terms of his supervised release by stabbing one victim and cutting another, using a knife with a retractable three-and-a-half-inch, serrated blade. With respect to Alston's argument that the government failed to prove by a preponderance of the evidence that he intended to cause "a serious physical injury" or a "physical injury . . . by means of a dangerous weapon," Appellant's Br. 12 (citing N.Y. Penal Law § 120.05(1), (2)), we disagree. In light of the District Court findings—about which we see nothing clearly erroneous—that Alston "had already pulled out the blade before he was shoved by [the stabbing victim]," Order of Sept. 19, 2007, Docket No. 40, at 3, 2007 WL 2746901 ("Order"), and that one of the wounds he inflicted "was approximately three inches deep," required "several staples," and "missed [the victim's] kidney by mere inches," Order at 4, it was far from an abuse of discretion for the District Court to conclude that Alston intended to cause both "a serious physical injury" and a "physical injury" using "a dangerous weapon" in violation of New York law. For similar reasons, we reject Alston's challenge to the District Court's determination that he possessed a dangerous weapon with the intent to use it for an unlawful purpose. That the blade of Alston's knife had been drawn before he was shoved was adequate to support the District Court's conclusion that he intended to use the knife against the victims or against others.

■ Equally without merit is Alston's contention that a preponderance of the evidence showed that his actions were in self-defense. As the District Court found:

[A]t the time the defendant [Alston] stabbed Kavulak [one of the victims of Alston's assault], the only physical force used was a shove by Kavulak. As noted, the shove only caused the defendant to move back a few feet. It did not cause the defendant to lose his balance or fall to the ground. The defendant's response in stabbing Kavulak was unreasonable and was not in response to any threat of deadly physical force to himself or others. Neither the defendant nor anyone else had been injured at that point. Only the defendant had a weapon. The defendant could not have reasonably believed that his life (or the life of another) was in danger. The evidence was also clear that the defendant had other options, most notably, he could have retreated from the escalating argument. The circumstances did not require him to use his knife in order to save himself or anyone else.

Order at 8. We see no basis to disturb the District Court's factual findings or its legal conclusion that Alston's conduct constituted a violation of the Penal Law of the State of New York.

■ We also disagree with Alston's argument that the government failed to disprove his justification defense beyond a reasonable doubt. First, as noted above, the government's burden of proof in supervised-release proceedings is preponderance of the evidence, not proof beyond a reasonable doubt. *See Meeks,* 25 F.3d at 1123. Second, the government proved to the satisfaction of the District Court that (1) Alston "had already pulled out the blade before he was shoved by [the stabbing victim]," Order at 3, (2) Alston "had other options [aside from stabbing and cutting the unarmed victims], most notably, he could have retreated from the escalating argument," *id.* at 8, and (3) Alston did not face "any threat of deadly physical force to himself or others," *id.* This showing was sufficient to disprove by a prepon-

derance of the evidence Alston's justification defense. Although the District Court appears to have incorrectly assumed that it was Alston's burden to prove justification, the evidence so strongly precludes a justification defense that the error was harmless.

■ We also reject Alston's contention that the knife he used to stab one victim and cut another is not a "dangerous weapon." Appellant's Br. 21. Under New York law, any "instrument, article or substance, no matter how innocuous it may appear to be when used for its legitimate purpose, *becomes* a dangerous instrument when it is *used* in a manner which renders it readily capable of causing serious physical injury." *People v. Carter,* 53 N.Y.2d 113, 116, 440 N.Y.S.2d 607, 423 N.E.2d 30 (1981); *see also People v. Owusu,* 93 N.Y.2d 398, 401, 690 N.Y.S.2d 863, 712 N.E.2d 1228 (1999) ("The Penal Law and our jurisprudence have long recognized that how an object is used determines if it is 'dangerous.'"). Our Court also looks to the use made of an object in order to determine whether it is a "dangerous weapon." *See, e.g., United States v. Matthews,* 106 F.3d 1092, 1095 (2d Cir.1997) ("[V]irtually any object ... can qualify as a dangerous weapon depending on how it is wielded in the circumstances."). Assuming for the argument that Alston's knife is nothing more than a "fishing knife," Appellant's Br. 21, the use to which he put that knife and the injuries he caused—for one victim, a three-inch puncture wound in "an area where vital organs are located," Order at 6, and a cut requiring eleven stitches, for another, *id.* at 7—demonstrates that the knife, as wielded by Alston, was a dangerous weapon.

Because we see no merit in any of Alston's challenges to the determination of the District Court that he violated the terms of his supervised release, we AFFIRM the judgment of the District Court.