People v Mitcham (2018 NY Slip Op 02253)





People v Mitcham


2018 NY Slip Op 02253


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


6133 3573/12

[*1]The People of the State of New York, Respondent,
v
Jessica Mitcham, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Andrea Yacka-Bible of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer Lynn Watson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (James M. Kindler, J.), rendered December 23, 2013, convicting defendant, after a jury trial, of robbery in the first and second degrees, burglary in the first and second degrees and assault in the second degree, and sentencing her to an aggregate term of five years, unanimously affirmed.
The verdict was not against the weight of the evidence. During a robbery perpetrated by defendant and a companion, the victim, while asleep in bed, was struck on the head with a heavy ceramic statue. The force of the blow caused the statue to shatter, and the victim sustained four deep cuts to his scalp, as well as bruises and swelling around his right eye, bled profusely, and sought medical attention at a hospital, where doctors used staples to close the lacerations to his skull. His pain was treated with Percocet and acetaminophen. Moreover, he continues to suffer substantial pain and is unable to return to work because of dizzy spells that are directly related to this attack.
The three convictions requiring proof of use of a dangerous instrument were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). "Dangerous instrument" is defined as "any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00[13]). " Serious physical injury' means physical injury which creates a substantial risk of death, or which causes . . . protracted impairment of health . . ." (Penal Law § 10.00[10]). "The object itself need not be inherently dangerous. It is the temporary use rather than the inherent vice of the object which brings it within the purview of the statute" (People v Carter, 53 NY2d 113, 116 [1981]).
"Thus, although the [statue] in issue [is] not inherently dangerous, we must determine whether the [weight of the] evidence in this case . . . support[s] the jury's conclusion that [it] was readily capable of causing serious physical injury in the way in which [it] was used" (id. at 116-117). On this record, the jury's conclusion that the statue as used was a dangerous instrument was not against the weight of the evidence (id.; Penal Law § 10.00[13]).
We have considered and rejected defendant's arguments regarding such matters as credibility, intent, accessorial liability and physical injury.
Supreme Court properly found that no reasonable view of the evidence supported a finding that defendant committed the lesser included offenses of third-degree robbery, third-degree burglary, and third-degree assault. As defendant used a dangerous instrument that caused serious physical injury to the victim, there is no reasonable view of the evidence, viewed in the light most favorable to defendant, that supports a finding that she committed the lesser but not the greater crimes (see Criminal Procedure Law 300.50[1]; People v Rivera, 23 NY3d 112, 120 [2014]).
We find it unnecessary to reach any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK