People v White (2018 NY Slip Op 06276)





People v White


2018 NY Slip Op 06276


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-05347
 (Ind. No. 1022-16)

[*1]The People of the State of New York, appellant,
v
Samuel White, respondent.


Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Miller and Guy Arcidiacono of counsel), for appellant.
Piana & Gioe, LLC, Hauppauge, NY (Christopher M. Gioe of counsel), for respondent.



DECISION & ORDER
Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated March 15, 2017, as granted that branch of the defendant's omnibus motion which was pursuant to CPL 210.20(1)(c) to dismiss the indictment.
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was pursuant to CPL 210.20(1)(c) to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the indictment.
According to the evidence submitted to the grand jury, the victim confronted his on-and-off girlfriend and the defendant as they were leaving a bar together. The victim and the defendant engaged in a physical altercation, throwing punches at each other. At one point, the victim fell to the ground and was not defending himself, at which time the defendant punched and stomped on him before driving off. The victim died of blunt force injuries to his face and neck. The grand jury returned an indictment charging the defendant with manslaughter in the first degree.
In his omnibus motion, the defendant moved, inter alia, pursuant to CPL 210.20(1)(c) to dismiss the indictment, contending that the grand jury proceeding was defective in that the prosecutor failed to instruct the grand jury on the defense of justification. The Supreme Court, upon reviewing the grand jury minutes, granted that branch of the motion which was to dismiss the indictment, with leave to re-present the matter to a new grand jury. The court concluded that the grand jury proceeding was defective based on the prosecutor's failure to instruct the grand jury on the defense of justification under Penal Law § 35.15(2), concerning the use of deadly physical force.
Under these circumstances, where the defendant used his shoes or boots to stomp the victim after the threat had terminated, the use of deadly physical force and the failure to retreat precluded any claim of justification (see Penal Law § 10.00[11], [13]; People v Carter, 53 NY2d 113; People v O'Keefe, 105 AD3d 1062; People v Richardson, 95 AD3d 791). Accordingly, there was no reasonable view of the evidence, when viewed in the light most favorable to the defendant, [*2]that would support an instruction on the defense of justification. Therefore, the Supreme Court should not have granted that branch of the defendant's omnibus motion which was to dismiss the indictment based upon the prosecutor's failure to instruct the grand jury on the defense of justification.
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court