People v Thomas (2021 NY Slip Op 00374)





People v Thomas


2021 NY Slip Op 00374


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Ind No. 903/16 Appeal No. 12936 Case No. 2018-4721 

[*1]The People of the State of New York, Respondent,
v
Dwight Thomas, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J. at suppression motion; Gilbert C. Hong, J. at plea and sentencing), rendered July 11, 2017, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.
We agree with defendant that his appeal waiver is unenforceable. However, we find that the court properly denied defendant's motion to suppress identification testimony without conducting a hearing pursuant to People v Rodriguez (79 NY2d 445 [1992]). Defendant did not set forth any facts to dispute the People's assertion that he and the identifying witness had a prior relationship familiarity that rendered the photo identification confirmatory. Therefore, there was no factual issue requiring a hearing (see e.g. People v Marte, 103 AD3d 470, 470 [1st Dept 2013], lv denied 22 NY3d 1140 [2014]). The court also properly relied on its own review of the grand jury minutes in confirming the People's uncontroverted assertions about the prior relationship between defendant and the witness (see People v Rodriguez, 47 AD3d 417 [1st Dept 2008], lv denied 10 NY3d 816 [2008]), particularly where, in his own grand jury testimony, defendant admitted that he knew and frequently conversed with the witness. Thus, although defendant asserted that the issue of familiarity "need[ed] to be explored at a hearing," he provided no basis for doing so.
The record establishes that defendant's guilty plea was knowing, intelligent and voluntary, and the court providently exercised its discretion in denying defendant's motion to withdraw the plea. During the plea allocution, defendant specifically admitted that he had possessed a dangerous instrument with the intent to use it unlawfully against another, and nothing in the allocution negated any element of the crime. The item that defendant admitted to having possessed for the purpose of threatening or scaring others was capable of being a dangerous instrument under the circumstances of its use (see generally People v Carter, 53 NY2d 113, 116 [1981]), and defendant said nothing to the contrary when he admitted possessing a dangerous instrument.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021