People v Lampe (2024 NY Slip Op 51353(U))

[*1]

People v Lampe

2024 NY Slip Op 51353(U)

Decided on September 17, 2024

Supreme Court, Bronx County

Flores, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 17, 2024
Supreme Court, Bronx County

The People of the State of New York

against
Taina Lampe, Defendant. 

IDV Docket No. 75551-23/001

John A. Guarneri, Esq. appeared on behalf of the defendant.
Darcel D. Clark, Esq., District Attorney of Bronx County, appeared on behalf of the People, by Elisha Freedman, Esq.

Jessica Flores, J.

By notice of motion dated July 10, 2024, Defendant moves for an order dismissing count two of the accusatory instrument, Criminal Possession of a Weapon in the Fourth Degree, as facially insufficient pursuant to CPL 170.30(1)(a); invalidating the statement of readiness pursuant to CPL 30.30(5); invalidating the statement of readiness and certificate of compliance pursuant to CPL 245.50(1) and (3) and CPL 30.30(5); dismissing the accusatory instrument based upon speedy trial grounds pursuant to the sixth and fourteenth amendments of the Constitution of the United States, CPL 30.20, and CPL 30.30(1)(b); and directing the People to provide outstanding discovery pursuant to CPL 245.50(1). The People oppose the motion in its entirety by affirmation dated August 2, 2024. Defendant has also submitted a reply. 
Upon review of the court file, the papers submitted, as well as the applicable law, the Court grants Defendant's motion in part to the extent of dismissing the accusatory instrument on the ground that the time chargeable to the People exceeds the applicable period under CPL 30.30.
PROCEDURAL BACKGROUND
The accusatory instrument alleges, in pertinent part, that on November 15, 2023, the defendant struck the complaining witness on the face with a set of house keys. 
On November 16, 2023, Defendant was arraigned on a complaint charging her with Assault in the Third Degree (Penal Law § 120.00[1]), Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01[2]), and Harassment in the Second Degree (Penal Law § 240.26[1]). The matter was adjourned to January 3, 2024, for the People to file and serve a supporting deposition and a certificate of compliance. The People filed and served a supporting deposition on December 6, 2023. At the next court appearance on January 3, 2024, Defendant was arraigned on the information. The matter was adjourned to February 20, 2024, for the People to file and serve a certificate of compliance. On February 14, 2024, the People filed and [*2]served a certificate of compliance and a statement of readiness. The matter appeared before the Court again on February 20, 2024.During this appearance, the defendant disputed the validity of the certificate of compliance. The matter was adjourned to March 26, 2024, for a discovery conference.However, upon transfer to the IDV Part, the matter was advanced to March 14, 2024. The parties appeared before the Court again on May 10, 2024. During this appearance, the People announced their continuing readiness. On June 12, 2024, at Defendant's request, the Court set a motion schedule. After the filing of the instant motion, the People filed and served a supplemental certificate of compliance on August 2, 2024. 
DISCUSSION
Dismissal of count two on grounds of facial sufficiency
Defendant challenges the facial sufficiency of count two, Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01[2]), contending that the accusatory instrument fails to provide specific details pertaining to the size, weight, and composition of the keys, and the manner in which Defendant used the keys. In connection with this argument, Defendant argues that the statement of readiness filed by the People on February 14, 2024, is illusory on the basis that not all counts of the accusatory instrument are facially sufficient and that not all counts are converted. 
Insofar as relevant, an information, or a count thereof, is facially sufficient when the allegations provide reasonable cause to believe that a defendant committed the offense and that nonhearsay allegations establish, if true, every element of the offense charged (see People v Henderson, 92 NY2d 677, 679 [1999]; People v Alejandro, 70 NY2d 133, 136-137 [1987]; see CPL 100.40 [1][b]; CPL 100.40 [1] [c]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]).
Penal Law § 265.01(2) provides, in pertinent part, that a person is guilty of criminal possession of a weapon in the fourth degree when "(h)e or she possesses any dagger, dangerous knife, dirk, machete, razor, stiletto, imitation pistol, undetectable knife or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another" (see Penal Law § 265.01 [2]).
Here, the accusatory instrument alleges that the deponent is informed by the informant that the "informant observed defendant to have in her hand, one (1) set of house keys," and that the "defendant struck informant about the right side of his face with said keys".
The Court finds that the count of criminal possession of a weapon in the fourth degree is sufficiently plead. An instrument that is not inherently dangerous can nonetheless become a dangerous instrument based on how the instrument is used (see People v Carter, 53 NY2d 113, 116 [1981]; People v Knowles, 178 AD3d 453, 455 [1st Dept 2019]; see Penal Law § 10.00[13]). Here, Defendant's conduct of using a set of house keys to strike the complaining witness's face, which is not the usual intended purpose of house keys, is suggestive that Defendant possessed the set of house keys with the intent to use it as a dangerous instrument (see People v Nosea, 212 AD3d 511, 512 [1st Dept 2023] [court held that verdict was not against the weight of the evidence wherein defendant used an umbrella as a dangerous instrument to hit the complaining witness on the head]; People v Nelson, 10 AD3d 565, 565 [1st Dept 2004] [court held that credible evidence warranted inference that nail file pointed against the complaining witness's [*3]chest was used as a dangerous instrument]; People v Tavarez, 83 Misc 3d 358, 365 [Crim Ct, Bronx County 2024] [court held that count charging criminal possession of a weapon in the fourth degree wherein it was alleged that the defendant held a cellphone in his hand when he struck the complaining witness was facially sufficient]; People v Barreiro, 37 Misc 3d 1210(A) at *4 [Crim Ct, Kings County 2012] [court held that count charging criminal possession of a weapon in the fourth degree wherein it was alleged that the defendant used a belt to strike the complaining witness on the legs was facially sufficient]). Therefore, the Court finds that the accusatory instrument sets forth sufficient factual allegations to meet the prima facie requirement for criminal possession of a weapon in the fourth degree.
Next, contrary to Defendant's argument, all the counts are converted. The sole informant in the accusatory instrument is the complaining witness. A review of the court file demonstrates that on December 6, 2023, the People filed a supporting deposition signed by the complaining witness stating that the facts in the accusatory instrument were provided by him based on his personal knowledge. Notably, Defendant did not specify on what basis the counts of assault in the third degree and harassment in the second degree are purportedly not converted. 
Therefore, insofar as the Court has determined herein that count two is facially sufficient, and also holds that the supporting deposition converts all counts (see People v Concepcion, 36 Misc 3d 551, 554 [Crim Ct, New York County 2012]), the Court holds that the People properly certified all counts charged in the accusatory instrument pursuant to their obligations under CPL 30.30(5-a) (see People v Arroyo, 78 Misc 3d 1239(A) *6 [Crim Ct, New York County 2023]).
Accordingly, this branch of Defendant's motion is denied. 
Challenge to the certificate of compliance and statement of readiness
Next, Defendant contends that the statement of readiness and certificate of compliance filed by the People on February 14, 2024, are not valid because the People failed to disclose numerous items and failed to exercise due diligence in ascertaining the existence of mandated discovery. 
Effective January 1, 2020, the New York State Legislature modified the People's discovery obligations applicable to all pending cases (see CPL Article 245). Once the People have provided automatic discovery, they shall file and serve a certificate of compliance stating that after "exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50[1]). The People cannot be deemed ready for trial until a valid certificate of compliance is filed (see CPL 30.30[5]; 245.50[3]). Furthermore, the People also have a continuing duty to disclose (see CPL 245.60). The People must also serve and file a supplemental certificate of compliance when the People provide additional discovery (see CPL 245.50[1]). 
Article 245 contains an express presumption of disclosure when interpreting discovery obligations (see CPL 245.20 [7]).Article 245 further provides that "[n]o adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in section 245.80 of this article" (CPL 245.50[1]). The Court may grant a defendant a remedy or sanction the People if the People fail to meet their obligations and a defendant demonstrates prejudice (see CPL 245.80). 
The determination as to whether the People complied with their discovery obligation pursuant to CPL article 245 is case specific (see People v Bay, 41 NY3d 200, 211 [2023]). "Although the relevant factors for assessing due diligence may vary from case to case, the courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material might have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of missing discovery" (id. at 212).
"Should a defendant bring a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure (id. at 213). If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id. at 213).
Here, although Defendant enumerated seven items that the People failed to disclose, the Court will only address the defendant's argument with respect to the entity report of the complaining witness. Defendant's argument with respect to the remaining items are deemed academic. 
Unredacted entity report for the complaining witness
Defendant contends that the People were required to provide an unredacted entity report of the complaining witness. In response, the People argue that the unredacted "record snapshot" and "DAS snapshot" of the complaining witness are not discoverable, as it includes the name, date of birth, telephone numbers, and addresses of the complaining witness. At the same time, the People state that they already disclosed the complaining witness's contact information. Furthermore, the People add that they also disclosed the domestic incident report for the instant matter, and also disclosed that the complaining witness does not have any convictions. The People also add that they are not required to disclose information pertaining to a complaining witness's prior arrests and recidivism.
On August 8, 2024, the Court held a conference with Defendant's counsel and the People in order to obtain clarification as to the document that Defendant referred to as entity report, and the documents that the People referred to as "record snapshot" and "DAS"[FN1]
. During the conference, the People confirmed that the "record snapshot" and "DAS," as referenced in their opposition papers, is the entity report [FN2]
. Both Defendant and the People conveyed that an entity [*4]report includes the name, addresses, date of birth, arrest history, warrant history, and information pertaining to prior domestic incident reports, prior complaints, and any associated individuals of either a complaining witness or a defendant. 
Defendant clarified that the People disclosed a redacted entity report that was completely redacted. The People conveyed that the entity report that they disclosed consists of six pages bearing the name of the complaining witness on the top of each page, and confirmed that all the information in all six pages was completely redacted, with the exception of the name of the complaining witness. 
Defendant, in his reply papers, asserts that the People were supposed to seek leave from the Court for a protective order, as required by CPL 245.10(1)(a)(iv)(A) and CPL 245.70, before they withheld discovery. According to Defendant, the People's failure to seek a protective order prior to withholding discoverable material invalidates the certificate of compliance and statement of readiness.
After submission of Defendant's reply papers, the Court requested that the People provide the Court with the unredacted entity report for an in camera inspection, which was promptly provided by the People. Based on the Court's in camera inspection, the Court notes that the official name of the report is Entity Detailed Report (hereinafter Entity Report). This Entity Report is a document from the New York City Police Department consisting of six pages bearing the name, Luis Hoyos, on the top of each page, purportedly the complaining witness in this matter.
The Court notes that based on a disclaimer found on the fifth page of this Entity Report, it may not contain information about the actual complaining witness in this case. Specifically, this disclaimer states the following: 
"NOTE:This 'Entity' report attempts to find and consolidate all of the NYPD's records about a person across many different data sources by using names, dates of birth, addresses, phone numbers, identification numbers (NYSID, SSN), and other data points. This report may fail to incorporate records of the person of interest and/or incorrectly include records relating to a different person. As a result, all data in this report should be independently verified before any police action is taken. Please contact the ITB Help Desk at 646-610-MISD (6473) to report any errors or inconsistencies in this report" (emphasis added).
Next, this Entity Report contains what is referred to as "Profile" information for the person of interest, such as name, alias, date of birth, race, gender, and telephone number. Based on this section, the person of interest in this report is Luis Hoyos. Numerical data pertaining to arrests, warrants, I-cards, shooting/homicide incidents, Domestic Incident Reports, complaints, probation, and parole is provided in other sections. The docket number, arrest number, NYSID number for respective warrants and arrests are also found in separate sections. Additionally, this report provides the complaint number, date of occurrence, and date of report for complaints wherein the person of interest was either a "victim," "perpetrator," or a "witness". With respect to domestic incidents, this report provides the Domestic Incident Report number, complaint number, and date wherein the person of interest was either a "victim" or "perpetrator." The names, date of birth, addresses, telephone numbers, social security number, and driver's license number used in either a complaint report, domestic incident report, arrest, warrant, summons, or with the Department of Motor Vehicles are listed in other sections of this report. Lastly, this [*5]report contains a section referred to as "Possible Other Matching Entities," which includes a list of individuals who have the same surname as the complaining witness and "relationship" information, and a section referred to as "Possible Associates," which includes a list of individuals and "relationship" information. 
Upon review of the unredacted Entity Report, it is not clearly apparent whether the information in this report relates to the instant subject matter. The Entity Report contains information about individuals who are neither the complaining witness nor Defendant based on the names listed in the sections referred to as "Possible Other Matching Entities" and "Possible Associates". Moreover, based on the aforementioned disclaimer, this report may or may not contain information about the actual complaining witness in this matter. Even if this report does contain information about the actual complaining witness in this matter, it is not clearly apparent whether some of the information pertains to the incident in this matter since this report does not include any information in a narrative form. As such, the Court finds that the People were not mandated to disclose an unredacted Entity Report.
However, the Court notes that on the fourth page of this report, the names, "Taina Lampe" and "Taina S. Lampe," appear in the section referred to as "Possible Associates". On the second, third, fourth, and fifth pages, the date, "11/15/2023," appears in the sections referred to as "Complaints", "Aided Cases", "Domestic Incidents", "Additional Analysis", "Event Summary", and "Timeline." The Court further notes that none of these entries are accompanied by information in narrative form. However, since the defendant's name is Taina Lampe, the entries bearing this name lead the Court to believe that those entries may relate to the instant matter. Additionally, since the incident in the instant matter is alleged to have occurred on November 15, 2023, the entries bearing this date lead the Court to believe that they may relate to the instant matter.
Therefore, since it is not clearly discernable whether the information in the Entity Report does or does not relate to the subject matter, the People were required to move for a protective order pursuant to CPL 245.10(1)(a) and CPL 245.70. The unequivocal language of CPL 245.10(1)(a) states that, "[p]ortions of materials claimed to be nondiscoverable may be withheld pending a determination and ruling of the court under section 245.70 of this article." The Court agrees that the People were not permitted to unilaterally withhold material (see People v Romero, 82 Misc 3d 1202(A) *4 [Crim Ct, Bronx County 2024]).Moreover, the Court finds that the People did not act in good faith since the People redacted all the information on all the pages notwithstanding that the aforementioned entries bearing a strong similarity to Defendant's name and bearing the same date of incident may relate to the instant matter.
Therefore, based on the People's failure to comply with CPL 245.10(1)(a) and CPL 245.70, the statement of readiness and certificate of compliance filed on February 14, 2024, is not valid. Accordingly, this branch of Defendant's motion is granted. 
Dismissal of accusatory instrument pursuant to CPL 30.30
Defendant contends that his right to a speedy trial, as guaranteed by CPL 30.30 and the sixth and fourteenth amendments of the Constitution of the United States, was violated insofar as the People failed to file a valid certificate of compliance and statement of readiness within 90 days of the commencement of the action. Defendant submits that, as of the date in which the instant omnibus motion was filed, 96 days are chargeable to the People. Notably, the People failed to address this branch of Defendant's motion other than stating that Defendant's motion [*6]should be denied in its entirety.
Pursuant to CPL 30.30(1), a motion to dismiss must be granted when the People are not ready for trial within the time period set forth by the relevant speedy trial provision. The top charges on the accusatory instrument are class A misdemeanors. Therefore, the People must be ready for trial within 90 days of the commencement of this action, less any excludable time (see CPL 30.30[1][b]). Although a criminal action commences with the filing of an accusatory instrument, computation for speedy trial purposes commences on the following day (see People v Stiles, 70 NY2d 765, 767 [1987]). In making a motion to dismiss pursuant to CPL 30.30, a defendant bears the initial burden of establishing that there has been an inexcusable delay beyond the time allowed by the statute, and the People then have the burden of establishing that the time should be excluded (see People v Santos, 68 NY2d 859, 861 [1986]).
Here, this case commenced with the filing of the accusatory instrument in Criminal Court on November 16, 2023. Thereafter, the case was adjourned to January 3, 2024, for conversion and the certificate of compliance. Prior to this adjournment, the People filed the supporting deposition on December 6, 2023. Therefore, the People are charged with 20 days. 
On January 3, 2024, the case was adjourned to February 20, 2024, for the certificate of compliance. The People filed the certificate of compliance on February 14, 2024. However, as held herein, this certificate of compliance is invalid. Therefore, the entire period for discovery compliance, including the date when the instant motion schedule was set, is chargeable to the People. On June 12, 2024, Defendant requested a motion schedule for the instant motion. Therefore, the People are charged with 189 days. 
Based on the foregoing, the People are charged with a total of 209 days.
Accordingly, this branch of the motion seeking dismissal of the information pursuant to CPL 30.30 is granted.
CONCLUSION
Accordingly, it is hereby
ORDERED that the branch of Defendant's motion to dismiss count two on grounds of facial sufficiency pursuant to CPL 170.30(1)(a) is denied.
ORDERED that the branch of Defendant's motion for an order deeming the certificate of compliance and statement of readiness invalid pursuant to CPL 245.50(3) and CPL 30.30(5) is granted.
ORDERED that the branch of Defendant's motion to dismiss the information pursuant to CPL 30.30 is granted.
This constitutes the decision and order of the Court.
Dated: September 17, 2024
Hon. Jessica Flores, A.J.S.C.

Footnotes

Footnote 1:This conference was held via the Microsoft Teams platform, and was recorded and transcribed through Microsoft Teams. The title of this transcription file is BFC-PartIDV-20240808_143938-Meeting Recording. During the conference, the parties were advised that said transcription would become part of the motion papers. The Court also notes that said transcription is preserved as part of the court's file.

Footnote 2:The prosecutor assigned to the instant matter explained that the People referred to the entity report as a "record snapshot" and as "DAS" because those are the colloquial terms used at the District Attorney's Office of Bronx County.