People v Delee (2024 NY Slip Op 06491)

People v Delee

2024 NY Slip Op 06491

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, GREENWOOD, AND KEANE, JJ.

887 KA 24-00717

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
DEVON DELEE, DEFENDANT-RESPONDENT. 

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR APPELLANT. 
CRAIG M. CORDES, SYRACUSE, FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Onondaga County Court (Theodore H. Limpert, J.), entered March 29, 2024. The order, insofar as appealed from, granted that part of defendant's omnibus motion seeking to reduce count 2 of the indictment to burglary in the second degree. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to reduce count 2 of the indictment is denied, count 2 of the indictment is reinstated and the matter is remitted to Onondaga County Court for further proceedings on that count.
Memorandum: The People appeal from an order insofar as it granted that part of defendant's omnibus motion seeking to reduce the second count of the indictment, charging burglary in the first degree (Penal Law § 140.30 [3]), to the lesser included offense of burglary in the second degree (§ 140.25 [1] [d]). We reverse the order insofar as appealed from, deny that part of the omnibus motion seeking reduction of the second count of the indictment, and reinstate that count.
To dismiss a count of the indictment on the basis of insufficient evidence before a grand jury, "a reviewing court must consider whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (People v Gaworecki, 37 NY3d 225, 230 [2021] [internal quotation marks omitted]; see People v Lewinski, 221 AD3d 1468, 1468 [4th Dept 2023]). In the context of grand jury proceedings, "legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (Gaworecki, 37 NY3d at 230 [internal quotation marks omitted]). On our review, we must determine "whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes, and whether the Grand Jury could rationally have drawn the guilty inference" (id. [internal quotation marks omitted]; see Lewinski, 221 AD3d at 1468-1469).
As relevant here, the People were required to present competent evidence to the grand jury demonstrating that defendant or another participant in the crime used, or threatened the immediate use of, a dangerous instrument (see Penal Law § 140.30 [3]). A dangerous instrument is defined as "any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (§ 10.00 [13]).
At the grand jury hearing, the victim testified that three men entered her apartment and the first man who walked in had a gun. She further testified that, at one point, "the guy with the gun" became "more upset" and hit her "upside the head" with the gun.
It is well established that "a 'gun [that is] used as a bludgeon' is a dangerous instrument" [*2](People v Spears, 125 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]) because it " 'is readily capable of causing death or other serious physical injury' " (People v Wooden, 275 AD2d 935, 935 [4th Dept 2000], lv denied 96 NY2d 740 [2001], quoting Penal Law § 10.00 [13]). Here, County Court ruled that the evidence before the grand jury was legally insufficient to establish that the item used by defendant or another participant in the crime was a dangerous instrument because it was not discharged during the incident and there was no evidence that the item was recovered or tested. That was error. We agree with the People that they were not required to submit evidence that the item described by the victim as a gun was an operable or loaded firearm in order to meet the dangerous instrument element of the crime (see Spears, 125 AD3d at 1401). We further agree with the People that they were not required to prove that the victim suffered an injury but, rather, needed only to establish that "under the circumstances in which [the instrument, article, or substance was] used . . . or threatened to be used, [it was] readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13] [emphasis added]; see People v Carter, 53 NY2d 113, 116 [1981]). It is reasonable for a grand jury to infer that hitting the victim on the side of the victim's head with a gun could cause serious physical injury. Thus, the evidence was sufficient to permit the inference that defendant or another participant in the crime used a dangerous instrument (see Penal Law § 140.30 [3]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court